1  Jeffery L. Caufield, Esq. (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James, Esq. (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
4  San Diego, California 92108
   (619) 325-0441 Telephone
5  (619) 325-0231 Facsimile

6

7  Attorneys for Plaintiffs Enns Pontiac, Buick, & GMC Truck, Earl L. Enns & Esther
   Enns as Trustees of the 2004 Enns Family Trust, Harold J. Enns & Patricia L. Enns
   as Trustees for the Family Trust
8

9
                    UNITED STATES DISTRICT COURT
10
              FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12  ENNS PONTIAC, BUICK, & GMC      )   **NO: 1:07-CV-01043-OWW-DLB**
    TRUCK , a California Corporation; )
13  EARL L. ENNS and ESTHER J.       )
    ENNS as Trustees of the  2004 Enns )
14  Family Trust;  and HAROLD J. ENNS)   **STIPULATION AND ORDER**
    and PATRICIA L. ENNS as Trustees  )   **REGARDING CONTINUANCE**
15  for the Family Trust,            )   **OF SCHEDULING ORDER**
                                     )   **DEADLINES**
16          Plaintiffs,              )
                                     )
17      v.                           )
                                     )
18  ORELIA FLORES, an individual;    )   Date: TBD
    THE ESTATE OF SIETO              )   Time: TBD
19  YAMAGUCHI, deceased; MABEL       )   Courtroom: 3
    LEE, an individual; THE ESTATE OF)   Judge: Oliver W. Wanger
20  HERBERT LEE, deceased;           )
    REEDLEY STEAM LAUNDRY;           )
21  REEDLEY DRY CLEANING             )
    WORKS; JOHN PIERCE, an           )
22  individual; PATTY MARTINEZ, an
    individual; and LOUIE MARTINEZ,
23  an individual.

24          Defendants.

25
    _____
26

27

28

                  STIPULATION TO EXTEND CASE DEADLINES

1    The parties to this matter, by and through their undersigned counsel, stipulate to

2  the following facts in support of a joint request to the Court that it continue the

3  scheduling order deadlines for approximately twelve (12) months as set forth in the

4  proposed schedule below.[1]

5  ## I.    UNDERLYING FACTS

6    The underlying dispute between Plaintiffs/Counter-Defendants Enns Pontiac,

7  Buick, & GMC Truck, Earl L. Enns and Esther J. Enns; and Harold J. Enns and

8  Patricia L. Enns ("Enns"), and Defendants, John Pearce ("Pearce"), Louis and Patty

9  Martinez ("Martinezes"), The Estates of Herbert and Mabel Lee, Reedley Steam

10  Laundry, and Reedley Dry Cleaning Works (collectively, the "Lees"), and the Estate

11  of Sieto Yamaguchi ("Yamaguchi"), involves claims related to the source, nature

12  and extent of alleged contamination underlying and/or surrounding two or more

13  properties located on G Street in Reedley, California including 1307, 1319, and 1340

14  G Street, Reedley, California ("G Street Properties").  Prior businesses at 1319 and

15  1340 G Street in Reedley, California include dry cleaning operations. A prior

16  business at 1307 G Street, Reedley, CA 93654 included an automobile dealership

17  with an automotive repair shop.  Contamination allegedly existed and/or exists

18  beneath the G Street Properties and surrounding areas. Other dry cleaning,

19  automotive, and/or industrial businesses in the area may also be contributing to

20  contamination in and around the G Street Properties.

21  ## II.    SETTLEMENT STATUS

22    As previously indicated in the December 11, 2008 Joint Scheduling

23  Conference Statement, the parties agree that settlement negotiations will be

24  appropriate at some point. (Declaration of Jeffery Caufield in Support of the Parties

25  Stipulation Regarding Continuance of Scheduling Order Deadlines "Caufield Decl."

26  at ¶ 2, Exh. 1). The parties agree that such negotiations would be more appropriate

27  

28  1 At the very least, parties would respectfully request a six (6) month continuance in order to conduct additional characterization and to add additional parties.

1

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

1  and productive after sufficient site investigation has been completed to calculate

2  potential damages. Id. Although some testing has been conducted, additional testing

3  and characterization is needed to determine the nature and extent of alleged

4  contamination and to identify the appropriate remedial approach, before settlement

5  negotiations can proceed. Currently, Enns is in the process of requesting approval

6  from the state, county, and local officials for the installation of additional

7  groundwater monitoring wells and testing on and around the G Street Properties.

8  (Caufield Decl. at ¶ 3, Exh. 2).  A work plan for the work has been submitted to the

9  California Regional Water Quality Control Board. (Caufield Decl. at ¶ 3, Exh. 2 ).

10  Enns just received approval to proceed on May 5, 2010. (Caufield Decl. at ¶ 8, Exh.

11  5). Pearce also is conducting a site investigation and recently produced a Site

12  Assessment report regarding the 1340 G Street property. (Caufield Decl. at ¶ 4, Exh.

13  3). Pearce's consultant recommends further site evaluation to ascertain soil gas

14  concentrations. Id. This further evaluation by both Enns and Pearce will aid in

15  settlement discussions.

16  ## III. DISCOVERY STATUS

17        All parties except the Martinezes have made their Initial Disclosures.  Initial

18  written discovery has been propounded on Pearce by Enns and additional written

19  discovery is planned. (Caufield Decl. at ¶ 5).  Four depositions have been taken thus

20  far, and multiple percipient witness depositions remain. (Caufield Decl. at ¶ 6).   Due

21  to the absence of business records, locating these witnesses has been difficult and

22  knowledge of such witnesses has been conducted through the deposition testimony

23  of the witnesses taken to date. Enns anticipates that 15-20 additional percipient

24  witness depositions remain as witnesses are located and scheduling permits. Enns

25  also anticipates that additional discovery will be needed as additional parties are

26  added, as discussed below.

27  //

28

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

## IV. GOOD CAUSE EXISTS FOR THE CONTINUANCE OF THE SCHEDULING ORDER DEADLINES

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." Hannon v. Chater, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16(b)(4). The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. Rouse v. Farmers State Bank of Jewell, Iowa, 866 F.Supp. 1191 (N.D.Iowa 1994). With this understanding in mind, the parties believe "good cause" is present to support the need for an extension of the case deadlines.

On January 12, 2009, the Honorable Judge Oliver W. Wanger issued an Amended Scheduling Order providing the case deadlines. (Caufield Decl. at ¶ 7, Exh. 4). The dates the Court set were as follows:

| Deadline/Event | Current Date |
|---|---|
| Non-Expert Discovery Cut-off | June 4, 2010 |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | July 20, 2010 |
| Discovery Cut-Off (including experts) | September 20, 2010 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | October 11, 2010 (filed) November 22, 2010 (heard) |
| Dispositive Pre-Trial Motions | October 20, 2010 (filed) December 6, 2010 (heard) |
| Settlement Conference | December 7, 2010 |
| Pre-Trial Conference Date | January 10, 2011 |
| Trial Date | February 14, 2011 |

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

1    The parties agree that the existing deadlines relating to discovery and pretrial

2  activities need to be revised in order to allow the parties time to add new parties,

3  continue site characterization and calculate potential damages, discuss settlement

4  and, if necessary, fully prepare for trial. These bases provide good cause to extend

5  the scheduling deadlines by approximately twelve (12) months.[2]

6    **A. Additional Time Is Necessary To Add New Parties To The Litigation**

7    Plaintiffs have been attempting to locate additional potentially responsible

8  parties ("PRPs") based on deposition testimony and document discovery. Locating

9  additional PRPs via document discovery has been difficult due to the lack of

10  business records maintained by the parties in this case.  However, multiple PRPs

11  have been identified that must be added to the litigation for just adjudication of the

12  issues in the case, including but not limited to, Ethel Warnock, Bruce Warnock,

13  Charles Shipley, Altha Shipley, Jesse Williams, Nina Williams, Reynaldo

14  Betancourt, and Floyd Morse. RCRA notices have been served on additional parties

15  who Enns has been able to locate, and Plaintiffs intend to amend the First Amended

16  Complaint naming them in the action, and adding proper names for administrators of

17  the Estates including Sachicko Yamaguchi (Administrator of the Estate of Sieto

18  Yamaguchi), Patricia Clothier (Administrator of the Estate of Herbert and Mabel

19  Lee), Carolyn Whitesides (Administrator of the Estate of Herbert and Mabel Lee).

20  Discovery is ongoing and the parties anticipate that other PRPs may be identified

21  and located. With the addition of new parties, additional time for discovery by and

22  against those parties will be required.

23    **B. Additional Time Is Necessary To Complete The Parties' Ongoing Site**

24       **Testing and Characterization**

25    Ongoing testing and characterization of the areas on and around the 1307,

26  1319, and 1340 G Street properties continues which will aid in the determination of

27  _____

28  2 As mentioned in footnote 1, at the very least, parties would respectfully request a six (6) month
continuance in order to conduct additional characterization and to add additional parties.

4

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

1  the extent, location, and sources of contamination. Such testing and characterization

2  has taken longer than originally contemplated in the December 11, 2008 Joint

3  Scheduling Conference Statement as mentioned above. Determination of the extent,

4  location, and sources of contamination will aid in future discussions of settlement.

5  Currently, Enns has submitted a new workplan to the California Regional Water

6  Quality Control Board ("RWQCB") in order to obtain permits to install additional

7  groundwater monitoring wells around the G Street Properties. (Caufield Decl. at ¶ 3,

8  Exh. 2).   The workplan was just approved by the RWQCB on May 5, 2010 and the

9  RWQCB set a due date of September 1, 2010 for reporting results. (Caufield Decl. at

10  ¶ 8, Exh. 5).  Enns' consultant estimates that the work will take a minimum of two

11  months to complete. (Caufield Decl. at ¶ 9, Exh. 6).

12        As ongoing testing and characterization continues it does not appear Non-

13  Expert Discovery, Expert Witness Disclosures, and/or Expert Discovery can be

14  completed by the current scheduling deadlines despite the parties' efforts.

15      **C. <u>Additional Time Is Necessary To Conduct Testing Recommended Based</u>**

16         **<u>on Initial Sampling-Results</u>**

17        There is also a need for additional testing and characterization based on recent

18  results from Pearce's environmental consultant, Kleinfelder's February 25, 2010 Site

19  Assessment Report for 1340 G Street. (Caufield Decl. at ¶ 4, Exh. 3). Based on

20  Kleinfelder's finding, they recommend evaluating shallow soil gas concentrations

21  using Department of Toxic Substances Control ("DTSC") protocol in order to

22  further understand the extent and concentration of VOCs present in the soil. Id.  As

23  additional testing and characterization is required it does not appear Non-Expert

24  Discovery, Expert Witness Disclosures, and Expert Discovery will be completed by

25  the current scheduling deadlines despite the parties' efforts.

26        Not only is it unlikely that characterization will be completed before the

27  discovery cut-off dates, characterization of the properties and surrounding areas at

28  issue in this litigation is crucial to settlement negotiations as it will help to identify

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

the source, extent, and location of contamination which will aid in settlement. Based

on the ongoing characterization and chance for settlement, the parties believe it is

mutually beneficial to agree to an extension of dates. The parties also believe that

such an extension promotes judicial economy because it will aid in settlement

negotiations and increase the likelihood of case resolution without need for trial.

## V.   NEW PROPOSED DATES

As shown in the previous section, the current schedule of deadlines needs to

be revised such that new PRPS may be added to the litigation and have time to

conduct discovery, the parties can continue site testing and characterization to

determine the extent of alleged contamination, the parties may complete discovery in

a manner and pursuant to a time-frame that ensures adequate site characterization to

aid in damage calculations, and the parties may engage in settlement negotiations

and ultimate case resolution.  Accordingly, the parties agree that the deadlines in this

case should be revised to reflect the dates shown in the chart below:

| Deadline/Event | Old Date | New Date |
| --- | --- | --- |
| Non-Expert Discovery Cut-off | June 4, 2010 | June 3, 2011 |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | July 20, 2010 | July 19, 2011 |
| Discovery Cut-Off (including experts) | September 20, 2010 | September 19, 2011 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | October 11, 2010 (filed) November 22, 2010 (heard) | October 10, 2011 (filed) December 2, 2011 (heard) |
| Dispositive Pre-Trial Motions | October 20, 2010 (filed) December 6, 2010 (heard) | October 19, 2011 (filed) December 5, 2011 (heard) |
| Settlement Conference | December 7, 2010 | December 6, 2011 |
| Pre-Trial Conference Date | January 10, 2011 | January 9, 2012 |
| Trial Date | February 14, 2011 | February 14, 2012 |

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

VI.   **CONCLUSION**

The parties agree that the existing deadlines relating to discovery and pretrial activities need to be revised in order to allow the parties time to add new parties, continue site characterization, ascertain damages, discuss settlement and, if necessary, fully prepare for trial.  Accordingly, good cause exists to continue the Scheduling Order Deadlines as set forth above. The parties respectfully request that the Court approve the parties' proposed schedule.

DATED: May 13, 2010                              CAUFIELD & JAMES LLP

                                                 **/S/ Jeffery L. Caufield**

                                                 _____
                                                 Jeffery L. Caufield, Esq.
                                                 Matthew Friedrichs, Esq.
                                                 Attorney for Plaintiffs/Counter-
                                                 Defendants

DATED: May 13, 2010                              THE CRONIN LAW GROUP

                                                 **/S/ Dennis J. Byrne**

                                                 _____
                                                 Timothy C. Cronin, Esq.
                                                 Dennis J. Byrne, Esq.
                                                 Attorneys for Defendants
                                                 ESTATE OF MABEL LEE, ESTATE
                                                 OF HERBERT LEE, REEDLEY
                                                 STEAM LAUNDRY and REEDLEY
                                                 DRY CLEANING WORKS

DATED: May 13, 2010                              DOWNEY BRAND LLP

                                                 **/S/ Jennifer Hartman King**

                                                 _____
                                                 Jennifer Hartman King, Esq.

7

STIPULATION AND ORDER TO EXTEND CASE DEADLINES

1

Attorneys for Defendant,
ESTATE OF SIETO YAMAGUCHI

2

3

4

5

6 | DATED: May 8, 2010

LAW OFFICES OF KATHLEEN CLACK

7

**/S/ Kathleen Clack**

8

_____

9

Kathleen Clack, Esq.
Attorneys for Defendant,
JOHN PEARCE

10

11

12 | DATED: May 13, 2010

**/S/ Louis Martinez**
(Original Signature Retained by
Jeffery L. Caufield)

13

14

_____

15

 LOUIS MARTINEZ

16

17 | DATED: May 13, 2010

**/S/ Patsy Martinez**
(Original Signature Retained by
Jeffery L. Caufield)

18

19

_____

PATSY MARTINEZ

20

21

     Good cause appearing therefore, IT IS SO ORDERED that the Scheduling

22 | Order Deadlines be continued as set forth above.

23

24

IT IS SO ORDERED.

25

26

Dated:   **May 14, 2010**          **/s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE

27

28

8
STIPULATION AND ORDER TO EXTEND CASE DEADLINES