**TIMOTHY C. CRONIN, ESQ.  (SBN: 181989)**
**DENNIS J. BYRNE, ESQ.  (SBN: 172618)**
**THE CRONIN LAW GROUP**
**744 Montgomery Street, Second Floor**
**San Francisco, California 94111**
Telephone:  (415) 951-0166
Facsimile:  (415) 951-0167

**Attorneys for Defendants Mabel Lee; the Estate of Herbert Lee; Reedley Steam Laundry; Reedley Dry Cleaning Works.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNS PONTIAC, BUICK & GMC TRUCK, a California Corporation; EARL L. ENNS and ESTHER J. ENNS, as Trustees of the 2004 Enns Family Trust; and HAROLD J. ENNS and PATRICIA L. ENNS, as Trustees for the Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>ORELIA FLORES, an individual; THE ESTATE OF SIETO YAMAGUCHI, deceased; MABEL LEE, an individual; THE ESTATE OF HERBERT LEE, deceased; REEDLEY STEAM LAUNDRY; REEDLEY DRY CLEANING WORKS; JOHN PIERCE, an individual; PATTY MARTINEZ, an individual; LOUIE MARTINEZ, an individual.<br><br>Defendants. | CASE NO.: 1:07-CV-01043-OWW-DLB<br><br>**OPPOSITION OF DEFENDANTS MABEL LEE, THE ESTATE OF HERBERT LEE, REEDLEY STEAM LAUNDRY AND REEDLEY DRY CLEANING WORKS TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  April 18, 2011<br>Time:  10:00 a.m.<br>Courtroom:  3<br>Judge:  Hon. Oliver W. Wanger |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants MABEL LEE, an Individual, THE ESTATE OF HERBERT LEE, REEDLEY STEAM LAUNDRY and REEDLEY DRY CLEANING WORKS (collectively, "the Lees") hereby submit their Opposition to the Motion of Plaintiffs for Leave to File Second Amended Complaint.

## I. INTRODUCTION

The Court should deny Plaintiffs' motion for leave to file the proposed Second Amended Complaint with respect to the Lees.  No abuse of discretion will be found if the Court denies the requested leave because the contemplated amendments respecting the Lees will be futile and will unduly prejudice the parties Plaintiffs contemplate adding, Patricia Clothier and Carolyn Whitesides.  Both Mabel and Herbert Lee are deceased and their estates possess no assets.  As a consequence, pursuant to California law, there are no estates for the proposed administrators Patricia Clothier and Carolyn Whitesides to administer as contemplated in the Second Amended Complaint.  In addition, defendants Reedley Steam Laundry and Reedley Dry Cleaning Works are names under which the Lees conducted business.  They have no separate identities and no assets.  Therefore, among the Lees there is no legal entity that can provide any injunctive relief Plaintiffs' hope to recover by means of their proposed federal Recourse Conservation and Recovery Act claims against any of the Lees, and no property assets by which any possible monetary award can be satisfied.  The Court should therefore deny the requested leave to amend with respect to the Lees. No abuse of discretion will be found.

## II. RELEVANT FACTS

Plaintiffs allege various federal and state law based environmental claims against the Lees arising from their alleged ownership and operation of dry cleaning businesses located at 1319 G Street, Reedley, California between 1940s and the 1970s.  (Ex. 1 to Friedrichs' Decl. In Support Mot. to File Second Amend. Compl., pg. 2:11-17).  Herbert Lee died on September 12, 1993.  (Ex. A to Byrne Decl., Cert. of Death for H. Lee).  Pursuant to the terms of his will, all of his property devised to his wife, Mabel Lee.  (Ex. B to Byrne Decl., Last Will and Testament of Herbert V. Lee).

Mabel Lee died on June 27, 2008. (Ex. C to Byrne Decl., Cert. of Death for Mabel Lee; C. Whitesides Decl., ¶ 3). Prior to her death, Mabel Lee established a Pay on Death account with a financial institution in Reedley, California. Pursuant to the terms of the account, upon her death all of the money within the account became the property of her surviving daughters, Patricia Clothier and Carolyn Whitesides. Ms. Clothier resides in Billings, Montana. Ms. Whitesides resides in Prescott, Arizona. Other than for the money in this account Mabel Lee possessed no other property. ©. Whitesides Decl., ¶¶ 2-5).

Within thirty days of Mabel Lee's death her probate counsel filed her Last Will and Testament in the Superior Court for the County of Fresno. (Ex. D to Byrne Decl., Last Will and Testament of Mabel Lee). The will identifies Carolyn Whitesides as a nominated executor.[1] But she has not exercised her priority right as an executor to probate the Estate of Mabel Lee because she believes that the estate contains no assets. ©. Whitesides Decl., ¶ 5).

### III. ARGUMENT

#### A. IN THE EXERCISE OF ITS DISCRETION THE COURT SHOULD DENY LEAVE TO AMEND WITH RESPECT TO THE LEES.

##### (1) The Lee Estates Possess No Assets.

With their Second Amended Complaint Plaintiffs propose adding the adult Lee daughters Patricia Clothier and Carolyn Whitesides as defendants to this litigation to serve as administrators to the estates of their deceased parents, Herbert and Mabel Lee. Herbert Lee's estate closed and pursuant to the terms of his will, all of his property devised to his wife Mabel. (Ex. B to Byrne Decl., Last Will and Testament of Herbert V. Lee). Plaintiffs do not allege that either Ms. Clothier or Ms. Whitesides are personally liable under any theory of liability stated in the Second Amended Complaint. Neither daughter participated in the alleged ownership or operation of their parents' dry cleaning business.

---

[1] The will had nominated Patricia Clothier as an alternate executor when it was drafted in 1994. But this was changed by a subsequent codicil. (Ex. D to Byrne Decl., Last Will and Testament of Mabel M. Lee).

1  Prior to her death in June of 2008, Mabel Lee established a Multiple-Party Account
2  pursuant to the California Probate Code. (Cal. Probate Code §§ 5100 *et seq.*). The purpose
3  of such accounts is to make it easier to transfer property on death without probate. (Stevens
4  v. Tri Counties Bank, 177 Cal.App.4th 236, 244 (2009); Cal. Probate Code § 55009©).
5  Upon the death of the property owner, property ownership passes to the designated
6  beneficiary. (Cal. Probate Code § 5507).

7  A common Multiple-Party Account is termed a "P.O.D Account." Such accounts are
8  "payable on request to one person during the person's lifetime and on the person's death to
9  one or more P.O.D. payees." (Cal. Probate Code § 5140(a)). The P.O.D. payee has no rights
10 to the sums on deposit during the lifetime of the party who establishes the account. (Cal.
11 Probate Code § 5301(b)). However, upon the death of the party who established the account
12 remaining sums in the account belong to the surviving party or parties as against the estate
13 of the decedent. (Cal. Probate Code § 5302(a)). Under California law, a multiple-party
14 account to which the decedent was a party at the time of the decedent's death is excluded in
15 determining the estate of the decedent or its value. (Cal. Probate Code § 6600(b)(2)).

16 Mabel Lee established such a P.O.D. account which named her daughters Patricia
17 Clothier and Carolyn Whitesides as payees of the account. (Decl. of C. Whitesides, ¶ 3).
18 Upon Mabel's death, her daughters became the legal owners of any sums within the account.
19 (Cal. Probate Code § 5302(a)). Subsequently, Ms. Clothier and Ms. Whitesides transferred
20 the funds they received as the payees of Mabel Lee's P.O.D. account to local financial
21 institutions in their respective states of residence, Montana and Arizona. (Id. ¶ 4).

22 The money contained in Mabel Lee's P.O.D. account constituted the entirety of her
23 property at the time of her death. Pursuant to the requirements the Probate Code her probate
24 attorney filed Ms. Lee's Last Will and Testament in the Superior Court for the County of
25 Fresno. However, Ms. Whitesides has not exercised her right of priority as the nominated
26 executor to probate the will because she does not believe that her mother's estate contains
27 any assets. (Id. ¶ 5).
28 / / /

**(2)   Legal Standard For Granting Leave To Amend.**

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" court's retain the discretion to deny such relief. (<u>C.F. v. Capistrano Unified School Dist</u>, 656 F.Supp.2d 1190, 1192 (C.D. Cal. 2009); <u>In re Circuit Breaker Litigation</u>, 175 F.R.D. 547, 550 (C.D. Cal. 1997)). Amendments seeking to add claims are granted more freely than are amendments adding parties. (<u>Union Pacific R.R. Co. V. Nevada Power Co.</u>, 950 F.2d 1429, 1432 (9th Cir. 1991); <u>Abels v. JBC Legal Group, P.C.</u>, 229 F.R.D. 152, 155 (N.D. Cal. 2005).

In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the Supreme Court articulated factors courts should consider in weighing requests for leave to amend. These factors include: (1) undue delay; (2) bad faith or dilatory motive on the part of the moving party; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to an opposing party by allowance of the amendment; and (5) futility of the amendment. (<u>Id</u>.). The factors are not of equal weight. Prejudice to an opposing party carries the greatest weight. But a strong showing of any of the remaining <u>Foman</u> factors will support the denial of leave to amend as an act of judicial discretion. (<u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003)).

**(3)   Plaintiffs' Proposed Amendments Would Be Futile.**

Futility of amendment alone can justify the denial of leave to amend. (<u>Ahlmeyer v. Nevada System of Higher Education</u>, 555 F.3d 1051, 1055 (9th Cir. 2009)). Futility arises when the amended complaint fails to state a claim for which relief may be granted. (<u>Townsend v. University of Alaska</u>, 543 F.3d 478, 485 n.6 (9th Cir. 2008)). The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) under the Federal Rules of Civil Procedure. (<u>Kuschner v. Nationwide Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009)).

Should the Court grant Plaintiffs the injunctive relief they seek there will be no Lee Defendants capable of satisfying that relief, or paying any awarded damages. In addition to the futility reflected in pursuing injunctive relief and damages from non-existent entities such

as the Lee Defendants Reedley Steam Laundry and Reedley Dry Cleaning Works, and an estate devoid of assets such as that of Mabel Lee, Plaintiffs' Second Amended Complaint fails to state any cognizable claims against Patricia Clothier and Carolyn Whitesides. The Second Amended Complaint alleges that they are administrators of the Estates of Herbert and Mabel Lee. But the uncontested facts show this not to be the case. Ms. Whitesides, is nominated for priority as an executor of Mabel Lee's estate. (Ex. D to Byrne Decl., Last Will and Testament of Mabel M. Lee, Codicil). But she has purposely chosen not to administer her mother's estate. (Decl. of C. Whiitesides, ¶ 5). Plaintiffs lack any legal means of compelling either woman to serve in the estate administration they seek. Plaintiffs do not allege that either Ms. Clothier or Ms. Whitesides are personally liable with respect to any of the claims stated in their Second Amended Complaint. As a consequence, the Second Amended Complaint is futile with respect to the Lees and no abuse of discretion will be found if the Court denies the requested amendments with respect to them.

### (4) Plaintiffs' Proposed Amendments Will Unduly Prejudice the Lee Defendants Patricia Clothier and Carolyn Whitesides.

In addition to the futility discussed above if the Court grants Plaintiffs leave to file the Second Amended Complaint it will unduly prejudice Ms. Clothier and Ms. Whitesides. Neither woman resides within California. Ms. Clothier resides in Montana and Ms. Whitesides resides in Arizona. (Decl. of C. Whiitesides, ¶ 2). Merely being related to deceased defendants in a federal environmental lawsuit does not suffice for imposing the legal burden and undue prejudice reflected in the Second Amended Complaint.

As Plaintiffs acknowledge, potential prejudice to an opposing party carries the greatest weight in whether a court should grant leave to amend. (Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Plaintiffs' Memo. Of P&As in Support of Motion, pg. 2:22-27). The Court should deny leave to amend if the likely resulting prejudice is substantial. (Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). In evaluating prejudice with respect to requested leave to amend any prejudice to the party opposing the amendment must be weighed against the prejudice to the moving party

if the amendment is not allowed. (Bell v. Allstate Life Insurance Co., 160 F.3d 452, 454 (8th Cir. 1998)).

The prejudice to Ms. Clothier and Ms. Whitesides if Plaintiffs are granted leave to file the Second Amended Complaint is substantial. Neither resides within California, and neither holds any desire to serve as legal administrator to the nonexistent and asset devoid estates of their deceased parents. (C. Whitesides Decl. ¶¶ 2-5). By contrast, Plaintiffs do not even contend in their moving papers that they will suffer any prejudice if they are denied leave to name Ms. Clothier and Ms. Whitesides as administrators to the estates of Herbert and Mabel Lee. (Plaintiffs' Memo. Of P&As in Support Motion; pg. 6:10 through pg. 7:12, a discussion titled "No Prejudice Exists to Any Parties"). Therefore, the Court should also deny Plaintiffs' requested leave to file the Second Amended Complaint with respect to the Lee Defendants on this grounds. No abuse of discretion will be found if the Court denies Plaintiffs the relief sought.

### IV. CONCLUSION

The Court should deny the requested leave to file the Second Amended Complaint with respect to the Lees. The Estate of Mabel Lee possesses no assets, and the claims alleged in the Second Amended Complaint are futile to all the Lees and, in addition, unduly prejudicial to Ms. Clothier and Ms. Whitesides. No abuse of discretion will be found if the Court denies the relief sought with respect to the Lees, and they respectfully request that the Court deny the relief Plaintiffs request.

Date: April 4 , 2011  Respectfully submitted,

THE CRONIN LAW GROUP

/s/ Dennis J. Byrne

By:_____
TIMOTHY C. CRONIN, Esq.
DENNIS J. BYRNE, Esq.
Attorneys for Defendants MABEL LEE, THE ESTATE OF HERBERT LEE, REEDLEY STEAM LAUNDRY and REEDLEY DRY CLEANING WORKS