# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENNS PONTIAC, BUICK & GMC TRUCK, et al., | ) | 1:07cv01043 OWW DLB |
| | ) | |
| | ) | ORDER REGARDING DEFENDANT JOHN PEARCE'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITION OF SALEM ENGINEERING |
| Plaintiffs, | ) | |
| v. | ) | (Documents 170 and 225) |
| ORELIA FLORES, et al., | ) | ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND DOCUMENTS FROM BRUCE MEYERS AND PERSON MOST QUALIFIED ON BEHALF OF SALEM ENGINEERING INC. |
| Defendants. | ) | (Document 186) |

Defendant John Pearce ("Defendant Pearce" or "Pearce") filed a motion for protective order to postpone the depositions of Salem Engineering and Bruce Meyers. Plaintiffs Enns Pontiac, Buick & GMC Truck, Earl L. Enns, Esther J. Enns, Harold J. Enns and Patricia L. Enns ("Plaintiffs) filed a related motion to compel deposition testimony and documents from Bruce Meyers and the person most qualified on behalf of Salem Engineering Inc. The motions were heard on July 1, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kathleen Clack and Mark Schallert appeared on behalf of Defendant Pearce. Jeffery Caufield and Matthew Friedrichs appeared telephonically on behalf of Plaintiffs. Andrew Skanchy appeared on behalf of Defendant Estate of Sieto Yamaguchi.

## INTRODUCTION

Plaintiffs filed this environmental contamination action on July 19, 2007. The operative complaint involves claims regarding the source and extent of alleged contamination underlying

1

1 and/or surrounding properties located on G Street in Reedley, California, including 1307, 1319,
2 and 1340 G Street ("G Street Properties").  Contamination allegedly existed and/or exists beneath
3 the G Street Properties and surrounding areas.  Prior businesses at 1319 and 1340 G Street
4 include dry cleaning sites, which are under the jurisdiction of the California Regional Water
5 Quality Control Board ("RWQCB").
6       Plaintiffs' complaint seeks recovery of costs under the Comprehensive Environmental
7 Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607 et seq., and contains
8 other federal and state law claims.  Plaintiffs own real property located at 1319 G. Street,
9 Reedley, California ("Plaintiffs' site").  Plaintiffs allege that properties either currently or
10 previously owned by Defendants caused environmental contamination to Plaintiffs' site.
11       On April 27, 2011, Plaintiffs issued Federal Rule of Civil Procedure 45 subpoenas on
12 Defendant Pearce's expert Salem Engineering and its employee, Bruce Meyers, to take
13 depositions and obtain documents related to Salem's site assessment and report.
14       On May 22, 2011, Defendant Pearce filed a motion for protective order postponing the
15 depositions of Salem Engineering and Bruce Meyers until preparation of their expert report.
16       On June 2, 2011, Plaintiffs filed a motion to compel depositions and documents from
17 Bruce Meyers and Salem Engineering's person most qualified.
18       The parties filed Joint Statements regarding the motion for protective order and the
19 motion to compel on June 24, 2011.  Docs. 214 and 225.
20       The deadline for expert witness disclosures is November 1, 2011.  Expert rebuttal
21 disclosures and supplement expert disclosures are due on December 1, 2011.  Expert witness
22 discovery closes on January 3, 2012.

### **FACTUAL BACKGROUND**[1]

24       On May 2, 2008, RWQCB ordered current or previous property owners and/or operators
25 of a dry cleaner at the 1340 G Street site, including Pearce to submit a work plan investigating
26 the possible releases of volatile organic compounds ("VOCs") to soil and groundwater from the

---

[1] The facts for both motions are consolidated for efficiency.

2

1340 G. Street Property. Declaration of Matthew Friedrichs ("Friedrichs Dec.") ¶ 2 and Exhibit 1.

On September 21, 2009, Kleinfelder West, on behalf of Pearce, submitted a Site Assessment Work Plan to RWQCB. The scope of work included sampling soil gas for VOCs. RWQCB found the scope of work appropriate and ordered a report summarizing the results. Exhibit 2 to Friedrichs Dec.

On February 25, 2010, Kleinfelder submitted a Site Assessment Report to the RWQCB. Exhibit 3 to Friedrichs Dec. Following receipt of the report, the RWQCB required Pearce to submit an additional work plan for assessing the concentration of VOCs in soil vapor, and the lateral and vertical extent of impacted soil. Exhibit 4 to Friedrichs Dec.

On June 10, 2010, Kleinfelder submitted an additional site assessment work plan, which was approved by the RWQCB on June 29, 2010. Exhibit 5 to Friedrichs Dec. Thereafter, on February 18, 2011, Pearce's counsel notified Plaintiffs that Salem Engineering Group ("Salem") was the new contractor hired by Pearce to take over the additional site assessment work. Exhibit 7 to Friedrichs Dec.

On March 29, 2011, Salem submitted a report to the RWQCB regarding groundwater flow directions. According to Plaintiffs, the groundwater flow directions implicate Plaintiffs' site in the contamination. Thereafter, on May 3, 2011, Salem conducted the specific additional site work required by the RWQCB.

On April 27, 2011, Plaintiffs issued subpoenas to Salem and its employee, Bruce Meyers. Defendant Pearce reportedly agreed to make Mr. Meyers available if Plaintiffs paid his expert rate. Plaintiffs countered that the depositions were appropriate because they related to work done as required by the RWQCB, and there was no support for requiring expert rates during non-expert discovery. Exhibit 11 to Friedrichs Dec.

## DISCUSSION

**A.     Motion for Protective Order**

Pearce and his counsel retained Salem and its employee, Bruce Meyers, to conduct tests, to prepare an expert report and to testify at trial. Omnibus Declaration of Kathleen Clack

("Clack Dec.") ¶ 4. Per Pearce, Salem's work has been directed by Pearce's needs in this litigation. However, Pearce is required to provide information to the RWQCB. Thus, Pearce has forwarded work by Salem to the RWQCB. Pearce indicates that the results sent to the RWQCB are only a part of Salem's work in preparing its expert opinion.

By subpoenas, Plaintiffs set the depositions of Salem and of Bruce Meyers on May 24, 2010. Pearce now seeks to postpone the Salem depositions until an expert report has been prepared in accordance with Federal Rule of Civil Procedure 26(b)(4). As noted above, the deadline for expert disclosures in November 1, 2011.

**1.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(4) governs the timing of expert depositions. As to the timing of expert depositions, Rule 26(b)(4) provides:

> (A) Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, *the deposition may be conducted only after the report is provided.*

Fed. R. Civ. P. 26(b)(4)(A) (emphasis added).

**2.    Analysis**

Plaintiffs claim that waiting to depose Salem and Bruce Meyers regarding Salem's March 28, 2011 report and May 3, 2011 testing until after the expert disclosure deadline is prejudicial. Plaintiffs claim that their consultants and experts have a right to information regarding the basis of these reports and testing in order to prepare their own expert reports. According to Plaintiffs, delaying the depositions would prevent Plaintiffs' expert from fully preparing its expert report.[2]

According to Pearce, Plaintiffs intended to depose Mr. Meyers twice, now and after the production of his expert report. Joint Statement Regarding Motion for Protective Order, p. 13. Pearce asserts that Plaintiffs must wait to depose Salem and Mr. Meyers until they have produced an expert report. The Court agrees.

---

[2] To the extent Plaintiffs raise a procedural objection because Pearce twice filed supporting memoranda when noticing the instant motion, rather than waiting to file a joint statement, the objection is without merit. The court based its consideration on the joint statement filed by the parties, not the supporting memoranda submitted by Pearce.

1    Pearce's motion for protective order to postpone the depositions of Bruce Meyers and
2 Salem Engineering is GRANTED.  Salem and Mr. Meyers will be made available for deposition
3 after completing their work and expert reports.  Expert reports will be prepared in accordance
4 with the Scheduling Order deadlines.  If Salem is later withdrawn as an expert, Pearce has agreed
5 to make Salem and Mr. Meyers available for deposition.  To reduce any risk of prejudice, the
6 parties are DIRECTED to negotiate a stipulation regarding the exchange of current raw data and
7 test results as they become available.

**B.    Motion to Compel**

Plaintiffs filed a related motion to compel Salem and Mr. Meyers' depositions and documents on June 2, 2011.  Plaintiffs assert identical arguments from their opposition to the motion for protective order.  In sum, Plaintiffs assert that the motion for protective order does not seek to limit the production of documents responsive to the subpoena issued to Salem and that no privilege log or documents have been provided.

The Court finds Plaintiffs' arguments to be premature given Pearce's representation that he will produce documents and permit depositions of Salem and Mr. Meyers after the expert report(s) is completed.  Accordingly, Plaintiffs' motion to compel is DENIED without prejudice.  As appropriate and/or necessary, Plaintiffs may renew their motion to compel to address any remaining issues, including, but not limited to, the application of any privilege or protection and the scope of document production.

## CONCLUSION

Based on the above, Pearce's motion for protective order to postpone the depositions of Bruce Meyers and Salem Engineering is GRANTED.   Plaintiffs' motion to compel the depositions and production of documents of Salem Engineering and Bruce Meyers is DENIED WITHOUT PREJUDICE and is subject to renewal.

IT IS SO ORDERED.

Dated:   **July 11, 2011**                        **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE

5