# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNS PONTIAC, BUICK & GMC TRUCK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ORELIA FLORES, et al., <br><br> Defendants. | 1:07cv01043 OWW DLB <br><br> ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PEARCE'S RESPONSES AND DOCUMENTS RELATED TO ENNS' DISCOVERY REQUESTS PROPOUNDED ON PEARCE <br> (Document 188) |

Plaintiffs Enns Pontiac, Buick & GMC Truck, Earl L. Enns, Esther J. Enns, Harold J. Enns and Patricia L. Enns ("Plaintiffs) filed the instant motion to compel Defendant John Pearce's answers to interrogatories and production of documents. The motion was heard on July 1, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Jeffery Caufield and Matthew Friedrichs appeared telephonically on behalf of Plaintiffs. Kathleen Clack and Mark Schallert appeared on behalf of Defendant Pearce. Andrew Skanchy appeared on behalf of Defendant Estate of Sieto Yamaguchi.

## **BACKGROUND**

Plaintiffs filed this environmental contamination action on July 19, 2007. The operative complaint involves claims regarding the source and extent of alleged contamination underlying and/or surrounding properties located on G Street in Reedley, California, including 1307, 1319, and 1340 G Street ("G Street Properties"). Contamination allegedly existed and/or exists beneath the G Street Properties and surrounding areas. Plaintiffs own real property located at 1319 G.

Street, Reedley, California ("Plaintiffs' site"). Plaintiffs allege that properties either currently or previously owned by Defendants caused environmental contamination to Plaintiffs' site. Prior businesses at 1319 and 1340 G Street include dry cleaning sites, which are under the jurisdiction of the California Regional Water Quality Control Board ("RWQCB").

Plaintiffs' complaint includes a federal claim for recovery of costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607 et seq., along with other federal and state law claims.

On April 15, 2011, Plaintiffs served Defendant John Pearce ("Pearce") with a Second Set of Requests for Production of Documents ("RFPs"), along with a Request for Admissions. Although Pearce responded to the Request for Admissions, he failed to respond timely to the RFPs. Declaration of Matthew Friedrichs ("Friedrichs Dec.") ¶¶ 15-18. Pearce's response to the RFPs was due on May 18, 2011. Pearce mailed his RFP responses with objections on May 28, 2011. Plaintiffs received the responses on June 2, 2011. Exhibit 15 to Friedrichs Dec. The non-expert discovery deadline expired the next day, June 3, 2011.

Plaintiffs filed the instant motion to compel Pearce's RFP responses and production of documents on June 3, 2011. Although the parties dispute the start of the meet and confer process, they agreed in a teleconference on June 15, 2011, that the meet and confer process was completed. Friedrichs Dec. ¶ 13, Exhibit 12. The parties filed their joint statement of discovery dispute on June 24, 2011.

**DISCUSSION**

Given the untimely response, Plaintiffs assert that Pearce has waived all objections to the RFPs, including objections based on privilege and work product. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). In *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009), the court stated that "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *See also Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005). However, courts are not unanimous on whether the failure to timely respond waives privilege objections. *Senat*, 255 F.R.D. at 339.

Plaintiffs claim that Pearce has waived all objections to the RFPs, including the following:

> **REQUEST FOR PRODUCTION No. 5**: ANY and ALL DOCUMENTS relating to the preparation of the February 25, 2010 "Site Assessment Report Former Dry Cleaners 1340 G Street Reedley, California" prepared by Kleinfelder including but not limited to correspondence between PEARCE and KLEINFELDER and/or notes, drafts of the report.
>
> **REQUEST FOR PRODUCTION No. 6**: ANY and ALL DOCUMENTS not previously produced relating to the PEARCE's communications with ANY and ALL governmental agencies included but not limited to the California Regional Water Quality Control Board regarding the 1340 G STREET property.
>
> **REQUEST FOR PRODUCTION No. 7**: ANY and ALL pictures related to PEARCE's ownership and operation of the former dry cleaners at 1340 G Street Reedley, CA.
>
> **REQUEST FOR PRODUCTION No. 8**: ANY and ALL DOCUMENTS relating to Salem Engineering Group, Inc's March 28, 2011 Review of Groundwater Elevation and Flow Direction Data for 1340 G STREET submitted to the California Regional Water Quality Control Board, including but not limited to, communications between Kathleen Clack and Bruce Meyers and/or notes, drafts of the report.

Friedrichs Decl. at ¶ 15, Exh. 14.  Plaintiffs seek an order compelling responses, without objections, to these RFPs.

There is no dispute that Pearce provided an untimely response to the RFPs.  Indeed, Pearce admits that the RFPs were "misplaced for some time during the flurry of subpoena and motion activity in this case, but were later found."  Joint Statement, p. 12.  Pearce attempts to blame Plaintiffs for the untimely response because Plaintiffs served a "myriad of written discovery . . . . essentially at the last minute in this 4 year case."  Joint Statement, p. 13.

Nonetheless, Pearce indicates that the "few documents that have not been produced are those that are privileged."  Joint Statement, p. 12.  Pearce asserts that he is "only concerned with those confidential notes and draft documents that contain the defense counsels thoughts and impressions."  Joint Statement, p. 18.  Pearce notes that he simultaneously was pursuing motions for protective orders regarding subpoenas to his former and current environmental consultants.

Pearce summarizes the status of his RFP document production as follows:

a. Some documents are identified in the current responses, which Pearce is willing to

produce. However, plaintiff wishes to deem the work product privilege waived for such documents. Defendant is willing to produce if no waiver is claimed.

b. Pearce has identified other documents that have been in the public domain, for which Pearce could have asserted a privilege, as above, but has not, in order to avoid further conflict. However, since plaintiff wishes to deem the public documents disclosure as a waiver, defendant is willing to produce if no waiver is claimed.

c. For the few remaining documents, Pearce is waiting for this Court to balance the importance of the information to be gained and the privileges to be lost due to excusable neglect.

Joint Statement, p. 15.

To avoid application of a waiver, Pearce claims his untimely RFP response was due to excusable neglect.[1] In *Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.*, 232 F.R.D. 609, 610-11 (D.Alaska 2005), the court held that a party's assertion that discovery objections should not be deemed waived based on excusable neglect should be assessed under the four factor test set forth in *Pioneer Investment Svcs. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380 (1993), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.2004). The four factors are (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was reasonably under the control of the movant, and (4) whether the movant's conduct was in good faith.

Prejudice to Non-Moving Party

Pearce argues that Plaintiffs were not prejudiced by the 12-day delay because they already had most of the documents, which were either publicly available or produced by Pearce. Pearce claims that he would be prejudiced by production of privileged documents of attorney emails and documents containing attorney thoughts and impressions. Although this factor weighs in favor of Pearce, he already has produced, or is willing to produce, nearly all of the requested documents. Further, many of the responsive documents are publicly available.

Length of Delay and Potential Impact on Judicial Proceedings

Plaintiffs assert that not only did Pearce blow the deadline, but he also "'snail mailed'" the discovery responses to arrive after the depositions had been completed and right before the

---

[1] Pearce's case law and citations are inapplicable. They relate to the untimely filing of appeals, e.g. Fed. R. App. P. 4.

4

non-expert discovery cut-off date. As Plaintiffs did not receive the response until the day before the non-expert discovery cut off and after depositions took place, they were unable to question or take follow-up discovery. The delay also has slowed discovery in this matter because of ongoing discovery disputes. This factor weighs in favor of Plaintiffs.

<u>Reason for the Delay</u>

Plaintiffs argue that Pearce's discovery responses were entirely within Pearce's control, and Pearce has not provided a reason for the delay. The Court agrees. As Plaintiffs note, Pearce was able to timely respond to requests for admissions, which were served at the same time as the RFPs.

<u>Good Faith</u>

Plaintiffs believe that the timing of the late responses was deliberate, because Pearce failed to respond until after depositions were scheduled and until the eve of the discovery cut-off date. The Court disagrees. There is no indication that Pearce acted in bad faith. Rather, Pearce made a good faith effort to pursue protective orders related to documents in the possession of his environmental consultants. Further, Pearce has already produced or agreed to produce relevant documents, provided there is no broad subject matter waiver.

In light of the foregoing, the Court finds that Pearce's untimely disclosure has waived any objections to his RFP responses or to the production of documents. However, the waiver is not a broad-based subject matter waiver and it does not extend to documents that are subject to the attorney-client privilege.

## CONCLUSION

Based on the above, Plaintiffs' motion to compel is GRANTED. Pearce shall provide any requested documents withheld from production within 14 days of this Order

IT IS SO ORDERED.

Dated: **July 12, 2011**             /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

5