# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENNS PONTIAC, BUICK & GMC TRUCK, et al., | ) | 1:07cv01043 OWW DLB |
| | ) | |
| | ) | ORDER REGARDING REQUEST FOR CLARIFICATION OF COURT'S JULY 13, 2011 ORDER ON PLAINTIFFS' MOTION TO COMPEL PEARCE'S RESPONSES AND DOCUMENTS RELATED TO ENNS' DISCOVERY REQUESTS PROPOUNDED ON PEARCE |
| Plaintiffs, | ) | |
| v. | ) | |
| ORELIA FLORES, et al., | ) | |
| | ) | (Document 188 and 245) |
| Defendants. | ) | |

On June 3, 2011, Plaintiffs Enns Pontiac, Buick & GMC Truck, Earl L. Enns, Esther J. Enns, Harold J. Enns and Patricia L. Enns ("Plaintiffs) filed a motion to compel Defendant John Pearce's answers to interrogatories and production of documents. The motion was heard on July 1, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge.

On July 13, 2011, the Court granted Plaintiffs' motion to compel, finding that Defendant Pearce's untimely disclosure had "waived any objections to his RFP responses or to the production of documents." Doc. 245, July 13, 2011 Order ("Order"), p. 5. However, the Court declined to extend the waiver "to documents . . . subject to the attorney-client privilege." Order, p. 5. Based on its findings, the Court ordered Defendant Pearce to produce the requested documents within fourteen (14) days.

On August 8, 2011, Defendant Pearce submitted a letter brief seeking clarification of the Court's Order. According to the letter, Defendant Pearce questions whether the Order required

1

production of documents comprising communications between his non-testifying expert, Kleinfelder West, Inc., and his attorney, Kathleen Clack.

On August 8, 2011, Plaintiffs submitted a letter brief opposing Defendant Pearce's request. In their opposition, Plaintiffs explain that Defendant Pearce initially refused to produce documents in response to the Court's Order. Although they now have received some of the requested documents, they have not received a privilege log for any remaining documents being withheld by Defendant Pearce. Given Defendant Pearce's actions, Plaintiffs seek (1) a finding that Defendant Pearce has waived all privileges; and (2) an order that he produce all documents responsive to their requests.

At this stage, the Court declines to find that Defendant Pearce has waived all privileges. Instead, the Court clarifies its Order as follows:

Defendant Pearce has waived all objections and any claimed work-product protection in responding to Plaintiffs' Second Set of Requests for Production of Documents. Defendant Pearce is therefore ordered to respond and to produce responsive documents within **seven (7) days** of the date of this Order.

The Court's finding of waiver does not extend to documents that are subject to the attorney-client privilege. If Defendant Pearce intends to withhold any documents from this production on the basis of attorney-client privilege, then he is ordered to produce a privilege log to Plaintiffs within **seven (7) days** of the date of this Order. If documents remain in dispute following production of a privilege log, then the parties may a request a ruling, if necessary, from the Court.

IT IS SO ORDERED.

Dated:   **August 9, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE