UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNS PONTIAC, BUICK & GMC TRUCK, a California Corporation; EARL L. ENNS and ESTHER J. ENNS as Trustees of the 2004 Enns Family Trust; and HAROLD J. ENNS and PATRICIA L. ENNS as Trustees for the Family Trust, | 1:07-cv-01043 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT<br><br>(DOCS. 160, 163) |
| Plaintiffs, | |
| v. | |
| ORELIA FLORES, an individual; SACHIKO YAMAGUCHI, as administrator to THE ESTATE OF SIETO YAMAGUCHI; THE ESTATE OF SIETO YAMAGUCHI, deceased; PATRICIA CLOTHIER and CAROLYN WHITESIDES, as administrators to THE ESTATE OF HERBERT LEE; PATRICIA CLOTHIER and CAROLYN WHITESIDES, as administrators to THE ESTATE OF MABEL LEE; THE ESTATE OF MABEL LEE, deceased; THE ESTATE OF HERBERT LEE, deceased; REEDLEY STEAM LAUNDRY; REEDLEY DRY CLEANING WORKS; JOHN PEARCE, an individual; PATSY MARTINEZ, an individual; LOUIE MARTINEZ, an individual, | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are (1) Defendant Sachiko Yamaguchi as administrator to the Estate of Sieto Yamaguchi's motion to

1

dismiss Plaintiff's second amended complaint ("SAC") (Doc. 160); and (2) Defendants Patricia Clothier and Carolyn Whitesides as administrators for the Estate of Herbert Lee and the Estate of Mabel Lee (together, the "Lee Administrators"), the Estate of Herbert Lee, the Estate of Mabel Lee, Reedley Steam Laundry, and Reedley Dry Cleaning Works' (collectively, "Lee Defendants") motion to dismiss the SAC (Doc. 163). Plaintiffs filed oppositions to both motions (Docs. 177, 190), to which the Lee Defendants and Sachiko Yamaguchi replied (Docs. 192, 199). The motions were heard June 20, 2011. Plaintiffs filed a supplemental opposition on June 30, 2011 (Doc. 232), to which the Lee Defendants and Sachiko Yamaguchi replied (Docs. 237, 240).

## II.  BACKGROUND

This case concerns the alleged release of hazardous solvents used in the dry cleaning industry which created a groundwater plume in Reedley, California. The Second Amended Complaint ("SAC") asserts claims for: (1) recovery of "response" costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") §§ 107(a)(1-4)(B); (2) declaratory relief under federal law; (3) negligence per se; (4) negligence; (5) public and private nuisance; (6) trespass; (7) equitable indemnity; and (8) declaratory relief under state law.

Plaintiffs own real property located at 1319 G. Street, Reedley, California ("Property"). Before Plaintiffs gained

ownership of the Property, Mabel and Herbert Lee owned and/or operated a dry cleaning business on the Property from approximately the 1940s through the 1970s. Herbert Lee died on September 12, 1993. Mabel Lee died on June 27, 2008.

Orelia Florez and Sieto Yamaguchi owned and/or operated a dry cleaning business at 1340 G. Street, Reedley, California, across the street from the Property. Sieto Yamaguchi died in March 2007.

On July 19, 2007, Plaintiffs filed a Complaint against Defendants Orelia Flores, Mabel Lee, Michelle Lua, and Sieto Yamaguchi. Doc. 2. On November 7, 2007, Plaintiffs filed a First Amended Complaint ("FAC") (1) substituting Defendant Sieto Yamaghuchi with Defendant The Estate of Sieto Yamaguchi; (2) deleting Defendant Michelle Lua; and (3) adding Defendants the Estate of Herbert Lee, Reedley Steam Laundry, Reedley Dry Cleaning Works, John Pierce, Patty Martinez, and Louie Martinez. Doc. 13. A memorandum decision dated April 20, 2011 granted Plaintiffs' motion to amend the FAC to name the administrators of the estates of three Defendants: Sachiko Yamaguchi for the Estate of Sieto Yamaguchi and the Lee Administrators for the Estate of Mabel Lee and Estate of Herbert Lee. Doc. 146. The SAC was filed April 25, 2011. Doc. 154.

### III. <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, a "complaint

must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A

complaint does not need detailed factual allegations, but the

"[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss, the court should assume the

veracity of "well-pleaded factual allegations," but is "not bound

to accept as true a legal conclusion couched as a factual

allegation." *Iqbal*, 127 S.Ct. at 1950. "Labels and conclusions"

or "a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555. "'Naked assertion[s]'

devoid of 'further factual enhancement'" are also insufficient.

*Iqbal*, 127 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Instead, the complaint must contain enough facts to state a claim

to relief that is "plausible on its face." *Twombly*, 550 U.S. at

570.

A claim has facial plausibility when the complaint's factual

content allows the court to draw the reasonable inference that

the defendant is liable for the alleged misconduct. *Iqbal*, 127

S.Ct. at 1949. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id*. (quoting

*Twombly*, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

The Ninth Circuit summarizes the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(quotations omitted).

If a district court considers evidence outside the pleadings, a Rule 12(b)(6) motion to dismiss must be converted to a Rule 56 motion for summary judgment, and the nonmoving party must be given an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

"When the motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions in the complaint, read with the required liberality, would not

permit the plaintiff to prove that the statute was tolled."

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

IV.   DISCUSSION

A.   SACHIKO YAMAGUCHI'S MOTION TO DISMISS

1.   Statute of Limitations

Sachiko Yamaguchi moves to dismiss the SAC as untimely under California Code of Civil Procedure § 366.2(a):

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Code Civ. P. § 366.2(a).

Sieto Yamaguchi died in March 2007. The Complaint was filed against Sieto Yamaguchi on July 19, 2007. The FAC was filed against the Estate of Sieto Yamaguchi on November 7, 2007. Both the Complaint and FAC were filed within the one-year period following Sieto Yamaguchi's death.

Under California's survival statute, Plaintiffs' claims against Sieto Yamaguchi survived his death. "Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. P. § 377.20. California Code of Civil Procedure § 377.40 provides:

> Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of

6

1
2
3

> action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest.

4

Cal. Code Civ. P. § 377.40. California Probate Code § 58(a)

5

defines "personal representative" to include an executor or

6

administrator. Cal. Prob. Code § 58(a).

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Sachiko Yamaguchi contends that California Civil Code of Procedure § 366.2(a) requires commencement of an action against an estate's personal representative within one year of a decedent's death. Section 366.2(a), however, is "concerned only with the time within which an action on a liability of the decedent may be brought, not with the proper parties in such a case." 22 Cal. L. Rev. Comm. Reports 895 (1992). The reference to the decedent's "representatives" was deleted from former Section 353(b). *Id.* Sachiko Yamaguchi's argument reads language into Section 366.2(a) that is not there. *Burgos v. Tamulonis*, 28 Cal.App.4th 757, 762, 33 Cal.Rptr.2d 728 (1994) (holding that Section 353, the predecessor statute to Section 366.2(a), does not require commencement of an action against a personal representative within one year after the date of death). "It is for the Legislature, not the courts, to include such limiting provisions in the statute if that is its intent." *Id.*

25
26
27
28

The Complaint was filed against Sieto Yamaguchi on July 19, 2007, approximately four months after his death in March 2007 and within Cal. Code Civ. P. § 366.2(a)'s one-year statute of

1   limitations. The FAC was filed against the estate of Sieto

2   Yamaguchi in November 2007, eight months after Sieto Yamaguchi's

3   death. Under California Code of Civil Procedure §§ 377.20,

4   Plaintiffs' claims against Sieto Yamaguchi survived his death and

5   may be continued against Sachiko Yamaguchi as the representative

6   of his estate.

7       Sachiko Yamaguchi further contends that Plaintiffs' claims

8   are barred because they did not file a creditor's claim against

9   the Estate of Sieto Yamaguchi, as required by Division 7, Part 4

10  of the Probate Code. California Code of Civil Procedure § 377.40

11  provides:

12
13          *Subject to Part 4 (commencing with Section 9000) of Division
            7 of the Probate Code governing creditor claims*, a cause of
14          action against a decedent that survives may be asserted
            against the decedent's personal representative or, to the
15          extent provided by statute, against the decedent's successor
            in interest.
16
17  Cal. Code Civ. P. § 377.40 (emphasis added). Plaintiffs contend

18  that they were not required to file a creditor's claim because

19  Sieto Yamaguchi's estate was never probated. Sachiko Yamaguchi

20  rejoins that Plaintiffs were required to file a creditor's claim,

21  even though Sieto Yamaguchi's estate was never administered.

22
23      California's "probate system reflects policy choices and

24  mechanics worked out over many years in fine detail. With respect

25  to creditors of the decedent, for example, the probate system

26  provides notice to creditors, a claims resolution mechanism, and

27  a process for satisfying allowed claims." CAL. LAW REVISION COMM'N,

28
                                    8

BACKGROUND STUDY: LIABILITY OF NONPROBATE TRANSFER FOR CREDITOR CLAIMS AND FAMILY PROTECTIONS, 8 (June 2010) (citing Cal. Prob. Code Division 7, Part 4, §§ 9000-9399). If an estate is not formally probated, the time in which creditors must file claims is not subject to the requirements of Division, Part 4 of the Probate Code. *See In re Estate of Bonanno*, 165 Cal.App.4[th] 7, 21, 80 Cal.Rptr.3d 560 (2008) ("When a surviving spouse receives a decedent's property without administration, the time in which creditors must file claims is not fixed."); *see also Embree v. Embree*, 125 Cal.App.4[th] 487, 494, 22 Cal.Rptr.3d 782 (2004) ("If no probate or trust claims procedure has been initiated . . . the short limitations periods applicable to claims filed in probate or trust proceedings do not apply . . ..."). "[U]nless administration has commenced there is neither need nor any practical procedure for filing a claim." *Clark v. Kerby*, 4 Cal.App.4[th] 1505, 1514, 6 Cal.Rptr.2d 440 (1992).

As the memorandum decision dated April 20, 2011 states, nothing in the FAC, SAC, or the record establishes that Sieto Yamaguchi's estate was probated or distributed through probate administration in the probate court and that California Probate Code Division 7, Part 4 applies to his estate. Doc. 146, 14. At the June 20, 2011 hearing, the court took judicial notice that the Estate of Sieto Yamaguchi has not been probated in court. Plaintiffs were not required to comply with the creditors' claims

requirements in Division 7, Part 4 of the Probate Code. It is assumed Defendants can read and understand the law. They could have performed a simple search of State probate records to determine the facts. Their persistence in wasting the court's time is deplorable.

Plaintiffs' lawsuit against Sieto Yamaguchi was timely filed; survives his death; and may be continued against his personal representative. California Code of Civil Procedure § 366.2(a) does not bar the SAC's addition of Sachiko Yamaguchi as the administrator of the Estate of Sieto Yamaguchi.   The motion is DENIED on this ground.

2.   <u>Relation Back to the Original Complaint</u>

Plaintiffs contend that the SAC correctly added Sachiko Yamaguchi as the administrator to the Estate of Sieto Yamaguchi, and relates back to the filing date of the original Complaint.

"Federal Rule of Civil Procedure 15(c) 'is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run.'" *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994) (quoting *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir. 1984)). Under Rule 15(c)(1)(C), an amendment to change the name of a party relates back to the original pleading date if: (1) the

amendment asserts a claim or defense that arose out of the "conduct, transaction, or occurrence" set forth in the original pleading; (2) within the time period for service of the summons and complaint, i.e., 120 days after filing, the party to be brought in "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) within the time period for service of the summons and complaint, i.e., 120 days after filing, the party to be brought in "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Under the first Rule 15(c)(1)(C) prong, the original Complaint and SAC seek recovery for the same "conduct, transaction, or occurrence," i.e., Sieto Yamaguchi's ownership, control, inspection, management, and repair of the Property, and liability for the toxic contamination at, on, around, and under the Property. Sachiko Yamaguchi was added as the administrator of the Estate of Sieto Yamaguchi, as contemplated by California Code of Civil Procedure § 377.40.

As to the second requirement, Plaintiffs assert that Sachiko Yamaguchi was served with the FAC in November 2007, and has been represented by the same counsel who represent the Estate of Sieto Yamaguchi. Sachiko Yamaguchi received notice of the Complaint within 120 days after its filing and would not be prejudiced in

defending the action on the merits.

As to the third factor, Plaintiffs contend that they were not aware that Sieto Yamaguchi had died when they filed the original Complaint in July 2007. After learning of his death, Plaintiffs filed a FAC in November 2007 substituting Defendant Sieto Yamaguchi with the Estate of Sieto Yamaguchi. Plaintiffs did not seek to add Sachiko Yamaguchi as the administrator of the Estate of Sieto Yamaguchi as a party until February 17, 2011.

"Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2498 (2010). "The only question under Rule 15(c)(1)(C)(ii), then, is whether [defendant] should have known that, absent some mistake, the action would have been brought against him." *Id.* Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. *Id.* at 2493-2494. The Supreme Court explained:

> We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant

12

exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Id.* at 2494.

Sachiko Yamaguchi contends that Plaintiff made a fully informed decision to seek available insurance money by filing the FAC only against the Estate of Sieto Yamaguchi, and only sought to add Sachiko Yamaguchi as a party after they discovered that Sieto Yamaguchi did not have insurance. Except where a decedent is protected by insurance, "it is proper to name the representative of the estate rather than the estate because an estate is not a legal entity." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1150 (9th Cir. 1998). "[W]hen a complaint is amended only to identify a party by its proper name, the gravamen of the complaint remains unaltered, and hence the later pleading relates back to the earlier pleading." *Burgos v. Tamulonis*, 28 Cal.App.4th 757, 763, 33 Cal.Rptr.2d 728 (1994) (quoting *Barrington v. A.H. Robins Co.*, 39 Cal.3d 146, 154, 216 Cal.Rptr. 405 (1985)). Sachiko Yamaguchi as administrator to the Estate of Sieto Yamaguchi should have known that Sieto Yamaguchi was not covered by insurance and that, but for Plaintiffs' mistake, she was the proper defendant and would have been sued.

Sachiko Yamaguchi as administrator to the Estate of Sieto Yamaguchi's motion to dismiss is DENIED.

B.    **LEE DEFENDANTS' MOTION TO DISMISS**

    1.    **Estate of Herbert Lee**

Herbert Lee died on September 12, 1993. The original Complaint was filed July 19, 2007. The FAC adding the Estate of Herbert Lee as a Defendant was filed November 7, 2007.

California Code of Civil Procedure § 366.2(a) provides:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, *an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply*.

Cal. Code Civ. P. § 366.2(a) (emphasis added). Except as provided in Section 366.2(b), this one-year limitations period for commencement of an action "shall not be tolled or extended for any reason." Cal. Code Civ. P. § 366.2(b).

The Complaint and FAC were filed almost fourteen years after Herbert Lee's death. Plaintiffs do not assert that any exceptions toll or extend the Section 366.2(a) one-year limitations period. Plaintiffs' claims against the Estate of Herbert Lee are untimely under California Code of Civil Procedure § 366.2(a).

The Lee Defendants' motion to dismiss the SAC is GRANTED WITH PREJUDICE as to (1) the Estate of Herbert Lee and (2) the Lee Administrators as administrators to the Estate of Herbert Lee.

///

1

2.   **Estate of Mabel Lee**

2

a)   **Statute of Limitations**

3

Mabel Lee died on June 27, 2008. The Complaint, which named

4

Mabel Lee as a Defendant, was filed July 19, 2007, *before* Mabel

5

Lee's death. California Code of Civil Procedure § 366.2(a), which

6

sets forth the statute of limitations for commencing an action

7

*after* a person's death, does not apply. "A pending action or

8

proceeding does not abate by the death of a party if the cause of

9

action survives." Cal. Code Civ. P. § 377.21. Under Cal. Code of

10

Civ. P. § 377.41:

11

12

> On motion, the court shall allow a pending action or
> proceeding against the decedent that does not abate to be
> continued against the decedent's personal representative or,
> to the extent provided by statute, against the decedent's
> successor in interest, except that the court may not permit
> an action or proceeding to be continued against the personal
> representative unless proof of compliance with Part 4
> (commencing with Section 9000) of Division 7 of the Probate
> Code governing creditor claims is first made.

13

14

15

16

17

18

Cal. Code Civ. P. § 377.41.

19

As to whether Plaintiffs timely filed creditors' claims in

20

accordance with Part 4, Division 7 of California Probate Code,

21

nothing in the FAC, SAC, or the record establishes that Mabel

22

Lee's estate was distributed through probate administration in

23

the probate court, and that California Probate Code Division 7,

24

Part 4 applies to her estate. At the June 20, 2011 hearing, the

25

court took judicial notice that the Estate of Mabel Lee was not

26

probated in court. If an estate is not formally probated, the

27

28

time in which creditors must file claims is not subject to the requirements of Division, Part 4 of the Probate Code. *See In re Estate of Bonanno*, 165 Cal.App.4th 7, 21, 80 Cal.Rptr.3d 560 (2008).

California Code of Civil Procedure § 366.2(a) does not bar Plaintiffs' claims against the Lee Administrators.  The motion is DENIED on this ground.

> b)   <u>Relation Back to the Original Complaint</u>

Plaintiffs contend that the addition of the Lee Administrators as the administrators for the Estate of Mabel Lee in the SAC, filed April 25, 2011, relates back to the filing date of the original Complaint.

Under Federal Rule of Civil Procedure 15(c)(1)(C), an amendment to change the name of a party relates back to the original pleading date if: (1) the amendment asserts a claim or defense that arose out of the "conduct, transaction, or occurrence" set forth in the original pleading; (2) within the time period for service of the summons and complaint, i.e., 120 days after filing, the party to be brought in "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) within the time period for service of the summons and complaint, i.e., 120 days after filing, the party to be brought in "knew or should have known that the action would have been brought against it, but for a mistake concerning the

proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Under the first Rule 15(c)(1)(C) factor, the original Complaint and SAC seek recovery on the same "conduct, transaction, or occurrence," i.e., Mabel Lee's ownership, control, inspection, management, and repair of 1319 G Street, and liability for the toxic contamination at, on, around, and under the property. The Lee Administrators were added as the administrator of the Estate of Mabel Lee, as contemplated by California Code of Civil Procedure § 377.41.

Under the second factor, Plaintiffs argue that notice can be imputed where there is a "community of interest" between the served defendant and the new defendant. *See G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994). Plaintiffs contend that the Lee Administrators have been on constructive notice of the lawsuit since at least 2008 because they are represented by the same counsel as Mabel Lee and the Estate of Mabel Lee. Because the Lee Administrators are also the Lees' daughters, there is sufficient "community of interest" between Mabel Lee, the Estate of Mabel Lee, and the Lee Administrators to impute notice to the Lee Administrators. *See Palmtree Acquisition Corp. v. Neely*, 2010 WL 3910370, *3 (N.D. Cal. 2010) (imputing notice under Rule 15(c)(1)(C) where the original complaint was served on the individual's stepmother and the parties were represented by the same law firm). The Lee Defendants' argument

1  that Plaintiffs did not plead any facts showing that Lee

2  Administrators received notice of the Complaint within 120 days

3  of its filing in July 2007 is unavailing.

4      As to the third factor, Plaintiffs filed the original

5  complaint against Mabel Lee while she was alive. Plaintiffs

6  contend that the Lee Administrators knew or should have known

7  that they would be named in the litigation after Mabel Lee's

8  death, and that Plaintiffs named the Lee Administrators to the

9  SAC after diligently researching and identifying them.  The Lee

10  Defendants argue that "Rule 15(c) was intended to protect a

11  plaintiff who mistakenly names a party and then discovers, after

12  the relevant statute of limitations has run, the identity of the

13  proper party." *Kilkenny v. Arco Marine, Inc*., 800 F.2d 853, 858

14  (9th Cir. 1986). The Lee Defendants assert that there was no

15  mistake here because the Lees formally informed Plaintiffs'

16  counsel of the identities of the representatives for the Estate

17  of Mabel Lee in February 2009 and Plaintiffs did not attempt to

18  amend the FAC until December 2010. The Lee Defendants cite

19  *Kilkenny*:

20
21      A plaintiff's failure to amend its complaint to add a
      defendant after being notified of a mistake concerning the
22      identity of a proper party therefore may cause the unnamed
      party to conclude that it was not named because of strategic
23      reasons rather than as a result of the plaintiff's mistake..
      . . Rule 15(c) was intended to protect a plaintiff who
24      mistakenly names a party and then discovers, after the
      relevant statute of limitations has run, the identity of the
25      proper party. Rule 15(c) was never intended to assist a
      plaintiff who ignores or fails to respond in a reasonable

fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.

*Id.* at 857-858. The Supreme Court has explained that Rule 15(c) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion . . . . [T]he speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2496 (2010). Despite Plaintiffs' delay, Rule 15(c) mandates relation back of the Lee Administrators to the original Complaint.

The Lee Defendants' motion to dismiss the SAC is DENIED as to the Estate of Mabel Lee and the Lee Administrators as the Administrators of the Estate of Mabel Lee.

## V.   CONCLUSION

For the reasons stated:

1. Sachiko Yamaguchi's motion to dismiss is DENIED.

2. The Lee Defendants' motion to dismiss is GRANTED in part and DENIED in part as follows:

   a. GRANTED WITH PREJUDICE as to the Estate of Herbert Lee and the Administrators of the Estate of Herbert Lee; and

   b. DENIED as to the Estate of Mabel Lee and the Administrators of the Estate of Mabel Lee.

19

3. Plaintiffs shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

DATED:   August 29, 2011.

                                                /s/ Oliver W. Wanger
                                         Oliver W. Wanger
                                         United States District Judge