1  Jeffery L. Caufield, Esq. (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James, Esq. (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
4  San Diego, California 92108
   (619) 325-0441 Telephone
5  (619) 325-0231 Facsimile

6

7  Attorneys for Plaintiffs Enns Pontiac, Buick,
   & GMC Truck, Earl L. Enns & Esther Enns
   as Trustees of the 2004 Enns Family Trust,
8  Harold J. Enns & Patricia L. Enns as Trustees
   for the Family Trust

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ENNS PONTIAC, BUICK, & GMC TRUCK, *et al.*;<br><br>Plaintiffs,<br><br>v.<br><br>ORELIA FLORES, *et al.*;<br><br>Defendants,<br><br>AND RELATED ACTIONS. | **NO: 1:07-CV-01043-LJO-BAM**<br><br>**STIPULATION AND ORDER REGARDING CONTINUANCE OF SCHEDULING ORDER DEADLINES DUE TO ADDITION OF NEW PARTIES, NEW COUNTER-CLAIMS, NEW CROSS-CLAIMS, AND NEED FOR SETTLEMENT DISCUSSIONS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 3<br>Judge: Honorable Lawrence J. O'Neill |
|---|---|

STIPULATION TO EXTEND CASE DEADLINES

The parties to this matter, by and through their undersigned counsel, stipulate to the following joint request to the Court that it continue the Scheduling Order deadlines for approximately nine (9) months as set forth in the proposed schedule below.

## I. UNDERLYING ACTION

The present action is a complex case arising under, *inter alia*, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments & Reauthorization Act of 1986, 42 United States Code Sections 9601 *et seq.* ("CERCLA"). The underlying dispute between Plaintiffs/Counter-Defendants Enns Pontiac, Buick, & GMC Truck, Earl L. Enns and Esther J. Enns; and Harold J. Enns and Patricia L. Enns ("Enns"), and Defendants, John Pearce ("Pearce"), Louis and Patsy Martinez ("Martinezes"), Patricia Clothier and Carolyn Whitesides, as Administrators to the Estate of Mabel Lee, the Estate of Mabel Lee, Deceased, Reedley Steam Laundry, and Reedley Dry Cleaning Works (collectively, the "Lees"), and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi, and the Estate of Sieto Yamaguchi, deceased (collectively, the "Yamaguchis"), involves claims related to the source, nature and extent of alleged contamination underlying and/or surrounding three or more properties located on G Street in Reedley, California, including 1307, 1319, and 1340 G Street, Reedley, California ("G Street Properties"). The case involves private parties, many of whom are elderly and without significant resources, and a relevant time period that spans multiple decades dating back to the 1960s. Prior businesses at 1319 and 1340 G Street in Reedley, California include dry cleaning operations. A prior business at 1307 G Street, Reedley, CA 93654 included an automobile dealership with an automotive repair shop. Contamination allegedly existed and/or exists beneath the G Street Properties and surrounding areas. Other dry cleaning, automotive, and/or industrial businesses in the area may also be contributing to contamination in and around the G Street Properties.

## II. STATUS OF THE PLEADINGS AND UPCOMING DEADLINES

New parties were added to this litigation pursuant to the Court's May 2, 2011 Order. (*See* Docket No. 161). Some of these new parties still need to make FRCP Rule 26 initial disclosures. On or about September 22, 2011, the Lees and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi each filed counterclaims and cross-claims against the parties in this case, as required by the Court's August 30, 2011, Memorandum Decision and Order Re Defendants' Motions to Dismiss Second Amended Complaint. (*See* Docket Nos. 250, 259, 260, 263). In addition, on or about October 13, 2011, John Pearce filed counterclaims and cross-claims against the parties in this case. (*See* Docket Nos. 286, 287). The responses to these newly-asserted claims have not yet been filed. However, under the current Scheduling Order (discussed in more detail, below), expert witness disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP") are due on November 1, 2011. (*See* Docket No. 207). This leaves the parties insufficient time to answer and evaluate the new claims, retain additional experts (if necessary), and have expert reports prepared in time to meet the disclosure deadline.

## III. SITE INVESTIGATION AND SETTLEMENT STATUS

Ongoing testing and characterization work is being conducted beneath the G Street Properties and surrounding areas to determine the nature and extent of alleged contamination, and to identify the appropriate remedial approach. Enns has conducted multiple rounds of testing and installed additional monitoring wells in an attempt to understand and evaluate the full extent of the contamination in and around the G Street Properties. Multiple rounds of soil vapor testing have been conducted by defendant John Pearce. Additional sampling and analysis must be completed before the alleged contamination can be fully characterized and before an appropriate remedy may be proposed to the Central Valley Regional Water Quality Control Board, which has oversight and approval authority over the investigation and remedy selection. However, with the completion of the most recent

characterization efforts in August 2011, the parties believe they will have sufficient information to pursue productive settlement negotiations soon after the pleadings are closed.  Doing so before significant additional expenditures are incurred on further site investigation work and expert discovery will preserve resources for settlement, and increase the likely success of the parties' settlement negotiations.  As discussed further below, the parties' intention to pursue settlement negotiations is one of the bases for the request for a continuance.

## IV. <u>DISCOVERY STATUS</u>

The non-expert discovery deadline passed on June 3, 2011. Expert disclosures pursuant to FRCP 26(a)(2), (A) and (B) are scheduled to occur on November 1, 2011. (*See* Docket No. 207). This stipulation proposes to extend that (and other) deadline(s), as explained below.

## V. <u>GOOD CAUSE EXISTS FOR THE CONTINUANCE OF THE SCHEDULING ORDER DEADLINES</u>

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause."  <u>Hannon v. Chater</u>, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16(b)(4).  The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.  <u>Rouse v. Farmers State Bank of Jewell, Iowa</u>, 866 F.Supp. 1191 (N.D.Iowa 1994). With this understanding in mind, the parties believe "good cause" is present to support the need for an extension of the case deadlines.

On June 16, 2011 the Honorable Judge Oliver W. Wanger issued an Order Granting Plaintiffs' Motion for Continuance of Scheduling Order Deadlines which provided amended case deadlines. (*See* Docket No. 207).   The dates the Court set were as follows:

| **Deadline/Event** | **Old Date** |
|---|---|
| Non-Expert Discovery Cut-off | June 3, 2011 |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | November 1, 2011 |
| Expert Rebuttal Disclosure and Expert Supplement Deadline pursuant to FRCP 26 (a)(2)(E) and (C), and FRCP 26(e)(2) | December 1, 2011 |
| Discovery Cut-Off (including experts) | January 3, 2012 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | January 18, 2012 (filed) February 24, 2012 (heard) |
| Dispositive Pre-Trial Motions | February 3, 2012 (filed) March 5, 2012 (heard) |
| Settlement Conference | |
| Pre-Trial Conference Date | April 9, 2012 |

The parties agree that all remaining unexpired deadlines need to be revised in order to allow the parties to attempt and complete good faith settlement negotiations, to evaluate and address new claims recently filed in this lawsuit, and, if necessary, engage in expert discovery and fully prepare for trial if settlement negotiations fail. These bases provide good cause to extend the scheduling deadlines by approximately nine (9) months.

**A. Additional Time Is Necessary To Complete The Parties' Expert Reports**

New parties were added to this litigation pursuant to the Court's May 2, 2011 Order. (*See* Docket No. 161). Some of the new parties still need to make FRCP Rule 26 initial disclosures. On September 22, 2011, the Lees and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi each filed counterclaims and cross claims against the parties in this case, as required by the Court's August 30, 2011, Memorandum Decision and Order Re Defendants' Motions to Dismiss Second Amended Complaint. (*See* Docket Nos. 250, 259, 260, 263). These counterclaims

and cross claims were filed approximately forty (40) days prior to the expert witness disclosures pursuant to FRCP 26(a)(2), (A) and (B). In addition, Pearce filed cross-claims and counterclaims, against the Lees and Enns. (*See* Docket Nos. 286, 287). Pearce's counterclaims and cross-claims were filed on October 13, 2011, approximately nineteen (19) days prior to the expert witness disclosures pursuant to FRCP 26(a)(2), (A) and (B). As a result, all parties subject to the new claims require time to answer, evaluate, and assess the new claims for preparation of the expert reports due within a month. Some parties believe that additional experts may need to be hired to address issues relating to the new claims.

### B. Additional Time Is Necessary To Attempt Settlement Negotiations

Good cause also exists to continue the deadlines so the parties can enter into and complete settlement negotiations.

Subsequent to the recent characterization efforts, testing results, and updated remediation costs estimates all provided in August 2011, the parties have preliminarily discussed entering into settlement negotiations after the next round of pleadings are filed. The parties believe that a continuance may allow them to avoid significant litigation costs, including additional expert report preparation and pre-trial preparation costs, and increase the likely success of the parties' settlement negotiations.

## VI. NEW PROPOSED DATES

As shown in the previous section, the current schedule of deadlines needs to be revised such that the parties can adequately prepare for expert witness disclosures due within a month and to engage in settlement negotiations and ultimate case resolution. Accordingly, the parties agree that the deadlines in this case should be revised to reflect the dates shown in the chart below:

| **Deadline/Event** | **Old Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Cut-off | June 3, 2011 | June 3, 2011[1] |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | November 1, 2011 | August 1, 2012 |
| Expert Rebuttal Disclosure and Expert Supplement Deadline pursuant to FRCP 26 (a)(2)(E) and (C), and FRCP 26(e)(2) | December 1, 2011 | August 31, 2012 |
| Discovery Cut-Off (including experts) | January 3, 2012 | October 3, 2012 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | January 18, 2012 (filed) February 24, 2012 (heard) | October 18, 2012 (filed) November 26, 2012 (heard) |
| Dispositive Pre-Trial Motions | February 3, 2012 (filed) March 5, 2012 (heard) | November 5, 2012 (filed) December 10, 2012 (heard) |
| Settlement Conference | | **Parties to contact U.S. Magistrate Judge McAuliffe for date** |
| Pre-Trial Conference Date | April 9, 2012 | **January 29, 2013 at 8:30 a.m. in Dept. 4** |
| Trial Date | May 22, 2012 | **March 12, 2013 at 8:30 a.m. in Dept. 4** |

## VII. CONCLUSION

The parties agree that the remaining unexpired deadlines need to be revised in order to allow the parties time to file responsive pleadings, adequately prepare for expert witness disclosures, due within a month, and to engage in settlement negotiations. Accordingly, good cause exists to continue the Scheduling Order Deadlines as set forth above. The parties respectfully request that the Court approve the parties' proposed schedule.

---

[1] Parties reserve their right to seek leave from the court to conduct additional discovery based on the newly filed claims. Some parties might oppose such a request, if filed.

1
2  DATED: October 17, 2011                    CAUFIELD & JAMES LLP
3
4                                             ___/s/ Jeffery Caufield_____
5                                             Jeffery L. Caufield, Esq.
                                              Matthew Friedrichs, Esq.
6                                             Attorney for Plaintiffs/Counter-
7                                             Defendants
8
9  DATED: October 17, 2011                    THE CRONIN LAW GROUP
10
11                                            ___/s/ Dennis Byrne_____
                                              Timothy C. Cronin, Esq.
12                                            Dennis J. Byrne, Esq.
13                                            Attorneys for Defendants
                                              PATRICIA CLOTHEIR AND
14                                            CAROLYN WHITESIDES, as
15                                            Administrators to the ESTATE OF
                                              MABEL LEE, THE  ESTATE OF
16                                            MABEL LEE, deceased, REEDLEY
17                                            STEAM LAUNDRY and REEDLEY
                                              DRY CLEANING WORKS
18
19
20 DATED: October 17, 2011                    DOWNEY BRAND LLP
21
22                                            ___/s/ Jennifer Hartman King_____
                                              Jennifer Hartman King, Esq.
23                                            Attorneys for Defendants,
24                                            SACHIKO YAMAGUCHI, as
                                              administrator to THE ESTATE OF
25                                            SIETO YAMAGUCHI and
26                                            THE ESTATE OF SIETO
                                              YAMAGUCHI, deceased
27
28

7
STIPULATION TO EXTEND CASE DEADLINES

DATED: October 17, 2011           LAW OFFICES OF KATHLEEN CLACK

                                  /s/ Kathleen Clack
                                  Kathleen Clack, Esq.
                                  Attorneys for Defendant,
                                  JOHN PEARCE

DATED: October 17, 2011

                                  /s/ Louis Martinez
                                  LOUIS MARTINEZ

DATED: October 17, 2011

                                  /s/ Patsy Martinez
                                  PATSY MARTINEZ

Good cause appearing therefore, IT IS SO ORDERED that the Scheduling Order Deadlines be continued as set forth above, including dates appearing in **bold** which are different than those proposed by the parties.

IT IS SO ORDERED.

   Dated:   **October 21, 2011**            /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE