IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNS PONTIAC, BUICK, & GMC, | CASE NO. CV-F-07-1043 LJO-BAM |
| Plaintiff, | ORDER ON MOTION TO FILE A COUNTERCLAIM |
| vs. | (Doc. 339, 352, 356) |
| ORELIA FLORES, *et al.*, | |
| Defendants. | |

**ORDER**

In this environmental clean up claim and related action, defendant/counterclaimant/cross-claimant John Pearce ("Pearce") seeks to file his proposed counterclaim against plaintiffs/counterdefendants Enns Pontiac, Buick, & GMC Truck, a California Corporation, Earl Enns and Esther Enns as trustees of the 2004 Enns Family Trust; and Harold Enns and Patricia Enns as trustees for the family trust ("Enns"). Pearce seeks to add a new counterclaim against Enns for equitable indemnity. After review of the parties' papers, this Court considered Pearce's motion for leave to add a counterclaim on the record and without the December 16, 2011 hearing, pursuant to this Court's Local Rule 230(g). For the reasons discussed below, this Court GRANTS Pearce's Motion for Leave to File a Counterclaim. (Doc. 339).

**PROCEDURAL BACKGROUND**

This case concerns the alleged release of various hazardous substances, namely solvents used in the dry cleaning industry, into a groundwater plume underlying part of Reedley, California. Enns' complaint includes two federal claims for (1) recovery of "response" costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") §§ 107(a)(1-4)(B), and (2) declaratory relief under federal law, as well as five additional state law claims for (3) negligence per se, (4) negligence, (5) public and private nuisance, (6) trespass, (7) equitable indemnity, and (8) declaratory relief under state law.

Plaintiffs operated a Pontiac dealership for many years at 1319 G Street, Reedley, California. (First Amended Complaint ("FAC") ¶2.) Prior to Plaintiffs taking ownership of 1319 G Street, Mabel and Herbert Lee (the "Lee Defendants") owned and/or operated a dry cleaning business at that location from approximately the 1940s through the 1970s. (FAC ¶4.) Herbert Lee is now deceased. Orelia Flores and Sieto Yamaguchi (the "Flores/Yamaguchi" defendants) owned and/or operated real property at 1340 G Street, Reedley, California, which is across the street from Plaintiffs' site. (FAC ¶¶ 4, 7.). Sieto Yamaguchi is now deceased. Finally, John Pearce ("Pearce") and Patsy and Louie Martinez ("Martinez") "each owned and/or operated real property nearby and/or adjacent to the Plaintiffs' Site." (FAC ¶4.)

Enns alleges that Defendants and Defendants' properties "generated disposed of or released ... hazard[ous] substances or wastes that caused contamination and pollution of structures, soils, subsoils, surface water and groundwater at and in the vicinity of the Plaintiffs' Site (both on-site and off-site) through the handling, generation, usage, storage, disposal of and/or release of hazardous substances at, onto and from the Plaintiffs' Site and Defendants' Sites." (FAC ¶5.). Enns alleges that Defendants "caused and continue to cause Plaintiffs to incur Response Costs on their property and for the underlying groundwater." (FAC ¶49.)   Enns seeks recovery of response costs under CERCLA §§ 107(a)(1-4)(B) for the costs that they "have incurred, and will continue to incur to remediate Plaintiffs' site, including, but not limited to, soil sampling; installation of groundwater monitoring wells; sampling such wells and having all samples analyzed...." (FAC ¶42.) In addition, Plaintiffs anticipate that they will incur additional costs to address existing and future groundwater contamination. (*Id.*)

*Pearce's Proposed Counterclaim*

Pearce seeks to file a CERCLA § 113 counterclaim permitting equitable apportionment of liability among all of the parties. John Pearce operated a dry cleaning establishment at 1340 G Street many decades ago. (Pearce's Motion. at 4, Doc. 339). Pearce along with the other defendants face allegations as to the nature and extent of the possible pollution and the shared contamination of groundwater between the parties. In answering Enns' complaint, Pearce pleaded affirmative defenses alleging that third parties had caused the release of pollutants, unclean hands and estoppel arising from Enns alleged pollution, comparative negligence, and defenses based on lack of causation attributable to Pearce as compared to others. (Doc. 78).

Pearce originally defended this lawsuit on a theory that Enns would not be able to establish a link between the pollution under the Enns' properties and 1340 G Street, the location where several defendants including Pearce operated a dry cleaning establishment. (Clack Decl. ¶ 3, Doc. 357).[1] Through geological testing, Defendants developed evidence establishing that the ground water beneath 1340 G Street was down gradient from the Enns' and the Lee's property, suggesting that Pearce, and other similarly situated defendants were not a proximate cause of Plaintiffs' damages.  In May 2011, Pearce's consultants found contamination of the soil under 1340 G Street. Soon after, in August 2011, Plaintiffs sunk three wells and found discernable amounts of contaminants in the groundwater beneath the 1340 G Street property, including PERC (typically a dry-cleaning by-product). In September 2011, two sets of defendants filed counterclaims and cross-claims alleging a right to contribution under CERCLA §113.  Based on this new discovery and the cross-claims and counterclaims filed by the other defendants,  Pearce now seeks to also add a counterclaim for a right to contribution under CERCLA §113 against Enns. According to Pearce,  he is now the only defendant without a  right to contribution

---

[1] The court overrules Enns' objections to Kathleen Clack's Declaration  and denies the motion to strike (Doc. 364).  The few statements in Clack's declaration (Doc. 357) cited by the Court, relate to purely factual events found elsewhere in the record. The declaration merely explains the documentary evidence and does not draw impermissible legal conclusions. *See* FED. R. CIV. P. 12(f); *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985) ("A motion [to strike] may be employed . . . only to obtain relief from 'redundant, immaterial, impertinent, or scandalous matter.' . . . And, such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.").

under CERCLA §113.[2]

## RULE 15  LIBERAL STANDARD

For his proposed counterclaim, Pearce relies on Federal Rule of Civil Procedure 15 and its liberal standards to amend pleadings.[3] FED. R.CIV.P 15.  Rule 15(a) provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996).  In exercising discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The party seeking leave to amend need only establish the reason why amendment is required ("justice" so requires).  The burden is then on the opposing party to convince the court that "justice" requires denial.  SCHWARZER, TASHIMA & WAGSTAFFE, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2002) Pleadings, para. 8:415, p. 8-130 (citing *Shipner v. Eastern Airlines, Inc.,* 868 F.2d 401, 406-407 (11th Cir. 1986)).  The F.R.Civ.P. 15(a) policy to freely give leave to amend when justice so requires is to be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

In addressing pleading amendments, the United States Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.– the leave sought should, as the rules require,

---

[2]   CERCLA § 113(f) grants an explicit right to contribution to potentially responsible parties. 42 U.S.C.S. § 9613.

[3]   The filing of a counterclaims is governed by Federal Rule of Civil Procedure 13(e).  Rule 13(e) states that the court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." FED. R. CIV. P. 13(e).

be "freely given."

*Forman v. Davis,* 371 U.S. 178, 182 (1962).

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402 (9th Cir. 1990).

Although "leave to amend should not be granted automatically," the circumstances under which Fed.R.Civ.P. 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991). "Justifying reasons must be apparent for denial of a motion to amend." *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir. 1993).

As discussed below, consideration of the above factors weighs in favor to grant Pearce's leave to file a counterclaim.

## DISCUSSION

Pearce seeks leave to file counterclaim permitting equitable apportionment of liability among all of the parties under CERCLA § 113. Although Pearce's motion is filed three years into this litigation, Pearce may still demonstrate that leave to file his counterclaim is warranted under the present circumstances. *Howrey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

**A.    Bad Faith**

Considering the factors identified in *Loehr v. Ventura County Community College District*, cited above, the Court first examines whether Pearce's motion was brought in bad faith. 743 F.2d at 1319. Enns contends that Pearce has filed his motion solely to protract litigation. According to Enns, Pearce sat on his hands for three years and failed to adequately litigate this case in its infancy. Further, Pearce now adds insult to injury because Pearce strenuously objected to the filing of Plaintiff's motion to add new RCRA claims and new parties six months ago.

In Enns' Motion for Leave to File a Second Amended Complaint, Pearce argued and the Court

agreed that Enns could not add RCRA claims and certain new parties. *Enns Pontiac, Buick, & GMC Truck v. Flores*, 2011 U.S. Dist. LEXIS 43327 at ** 8-15 (E.D. Cal. 2011).  The Court held that Enns failed to comply with RCRA's statutory notice requirements because the notices provided by Enns did not contain sufficient information to afford Defendants an opportunity to identify the basis for the notices. *Id.* at * 13.  Further, the Court stated that Enns could not add the requested new parties because "it [was] beyond question that...Plaintiffs knew they needed to amend the complaint to add the New Parties as defendants" as early as December 2008. *Id.* at *14.

Enns tit-for-tat aside, the Court finds that Enns bad faith argument is unsupported by the record. Although the litigation has been protracted, the record does not suggest that through this motion Pearce has acted with the intent to delay a final resolution of the claims.  None of the parties currently represented by counsel filed a § 113 claim at the time of the original complaint or its first amendment. The only party to file a § 113 counterclaim was defendant Martinez who represents himself in pro per. However, Martinez did not file a cross-claim against any other party that would have sparked the various counterclaims and cross-claims for equitable indemnity now present before the court.   Pearce was not dilatory in seeking to add its counterclaim, and the circumstances do not indicate that Pearce's motion to amend is made in bad faith.

**B.     Undue Delay**

Next, the Court considers undue delay. "[D]elay alone–no matter how lengthy–is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980.

Enns contends that Pearce's motion to amend should be denied because no new facts, information, or claims provide Pearce with good cause to file a counterclaim.  Enns contends that as early as 2008 Enns knew or should of known of the need for a contribution claim. In September 2008, prior to the filing of Pearce's answer, the California Regional Water Quality Control Board ("RWQCB") notified Pearce that "it appears likely that a source of PCE associated with the former dry cleaning facility located at 1340 G Street has impacted soil and groundwater and is responsible for at least a portion, if not the majority, of the PCE-impacted groundwater detected in MW-9."    (Enns Resp. at 8, Doc. 352).

Contrary to Enns' assertion, the 2008 notice by the RWQCB does not establish undue delay.

6

Geological testing done by Pearce established that the ground water beneath 1340 G Street was down gradient from the Enns' and the Lee's properties suggesting that Pearce, and other similarly situated defendants, were not a proximate cause of Enns' damages. It was not until analysis in May and August of 2011 that facilitated an immediate need for the parties to seek equitable contribution claims. The first wells to find contamination of ground water underneath 1340 G Street did not occur until the recent testing. Until 2011, the source of PCE contamination was unknown and easily attributable to any of the other dry cleaning defendants. Although there was some suggestion that the land at 1340 G Street contributed to the contamination, the lack of direct evidence until the most recent testing, explains why the other defendants also did not file § 113 claims until after the testing results. Because this evidence—which is a prerequisite to liability on Pearce's part—did not occur until recent testing, the Court does not find that there has been undue delay on the part of Pearce.

**C.    Prejudice**

In arguing that Pearce's motion should be denied, Enns focuses on prejudice. However, Pearce's proposed counterclaim imposes no prejudice because it asserts facts and claims of which Enns has been aware since early in the litigation and merely proffers alternative yet similar legal theories. Enns is pursuing a Section 107 CERCLA claim. A claim for contribution under section 113 of CERCLA provides only for several liability, while section 107 (cost recovery) allows for joint and several liability. Otherwise the claims are identical. *Flaherty v. Exide Corp.*, 2002 U.S. Dist. LEXIS 2007 (N.D. Cal. Jan. 22, 2002). Accordingly, the remedies available in §§ 107(a) and 113(f) complement each other by providing causes of action "to persons in different procedural circumstances." *Consol. Edison Co. v. UGI Utils., Inc.*, 423 F.3d 90, 99 (2d Cir. 2005), *cert. denied*, 127 S.Ct. 2995 (2007).

Prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Howey*, 481 F.2d at 1190. "The party opposing amendment bears the burden of showing prejudice." *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). If a proposed amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial. 6 WRIGHT, MILLER & KANE, *Federal Practice and Procedure* (1990) Amendments Under Rule 15(a), § 1487, at 623. If the court determines that the proposed amendment would result

in defendant being put to added expense and the burden of a more complicated and lengthy trial, leave to amend may be denied. 6 WRIGHT, MILLER & KANE, *Federal Practice and Procedure* (1990) Amendments Under Rule 15(a), § 1487, p. 626-628.

While non-expert discovery has closed in this case, CERCLA cases are a battle of experts. *FMC Corp. V. Vendo Co.*, 196 F.Supp.2d 1023, 1047. On October 24, 2011, the Court identified that the CERCLA § 113 filings by the defendants necessitated the need to extend all remaining deadlines including the expert discovery deadline and trial for almost a year. Acknowledging that this case is still in development, the Court also specifically allowed for additional non-expert discovery if needed. (Doc. 310 at 6). The parties experts have many more months for testing and evaluation that will be at the heart of the liability and contribution claims.

In sum, it does not appear that Pearce's motion file a counterclaim would prejudice Enns or any party. Pearce's request for leave to amend would not cause significant prejudice in the case because: 1) expert discovery is ongoing, 2) Pearce proposes to litigate the same issues as the other defendants, and 3) denial of the motion could have a disproportionate effect on Pearce who would be unable to assert the same defenses as his similarly situated co-defendants.

Pearce has shown "good cause" for seeking a counterclaim at this late time. Enns has not shown that prejudice will result from allowing the proposed counterclaim. Accordingly, the Court will grant the Motion to File a Counterclaim. *Johnson v. Mammoth Recreations*, 975 F.2d 604 at 607-08 (9th Cir. 1992). The Court has considered all of the factors listed above and concludes that the leave to file a counterclaim should be granted. There is also no evidence of bad faith, undue delay, prejudice to the opponent, or the that amendment would be futile.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS Pearce's Motion for Leave to File a Counterclaim. (Doc. 339). Pearce shall file the counterclaim within 15 days of the service of this order.

IT IS SO ORDERED.

Dated:   **December 23, 2011**                    /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE

8