IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNS PONTIAC, BUICK, & GMC TRUCK, et al., | CASE NO. 1:07-cv-01043-LJO-BAM |
| Plaintiffs, vs. | **ORDER ON RECONSIDERATION OF MOTION TO COMPEL (Doc. 386)** |
| ORELIA FLORES, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs[1] seek reconsideration of Magistrate Judge McAuliffe's January 27, 2012, order denying their motion to compel Defendant John Pearce to produce various documents. Plaintiffs also request the imposition of sanctions. For the reasons discussed below, this Court DENIES Plaintiffs' motion for reconsideration and request for sanctions.

## II. BACKGROUND

**A. Background Facts**

On July 19, 2007, Plaintiffs filed this environmental contamination action due to the alleged contamination of their property located at 1319 G Street in Reedley, California. The operative complaint

---

[1] Plaintiffs are: Enns Pontiac, Buick, & GMC Truck; Earl L. Enns & Esther Enns as Trustees of the 2004 Enns' Family Trust; and Harold J. Enns & Patricia L. Enns as Trustees for the Family Trust.

involves claims related to the source, nature, and extent of alleged contamination underlying and/or surrounding Plaintiffs' property and the properties located at 1307 and 1340 G Street. Plaintiffs allege that the properties currently or previously owned by Defendants caused the environmental contamination. Prior businesses at 1319 and 1340 G Street include dry cleaning establishments, which are under the jurisdiction of the California Regional Water Quality Control Board ("RWQCB"). Defendant Pearce previously operated a dry cleaning business at 1340 G Street.

**B. Discovery Dispute**

On April 15, 2011, Plaintiffs served Defendant Pearce with a Second Set of Requests for Production of Documents ("RFPs") which included the following requests for production:

> **REQUEST FOR PRODUCTION No. 5**: ANY and ALL DOCUMENTS relating to the preparation of the February 25, 2010 "Site Assessment Report Former Dry Cleaners 1340 G Street Reedley, California" prepared by Kleinfelder including but not limited to correspondence between PEARCE and KLEINFELDER and/or notes, drafts of the report.
>
> **REQUEST FOR PRODUCTION No. 6**: ANY and ALL DOCUMENTS not previously produced relating to PEARCE's communications with ANY and ALL governmental agencies included but not limited to the California Regional Water Quality Control Board regarding the 1340 G STREET property.
>
> **REQUEST FOR PRODUCTION No. 7**: ANY and ALL pictures related to PEARCE's ownership and operation of the former dry cleaners at 1340 G Street Reedley, CA.
>
> **REQUEST FOR PRODUCTION No. 8**: ANY and ALL DOCUMENTS relating to Salem Engineering Group, Inc's March 28, 2011 Review of Groundwater Elevation and Flow Direction Data for 1340 G STREET submitted to the California Regional Water Quality Control Board, including but not limited to, communications between Kathleen Clack and Bruce Meyers and/or notes, drafts of the report.

Defendant Pearce failed to respond to the requests in a timely manner. Defendant Pearce's response was due on May 18, 2011. Plaintiffs received Pearce's response on June 2, 2011, with objections to RFP Nos. 5-8. Accordingly, Plaintiff filed a motion to compel responses to RFP Nos. 5-8 on the ground that Defendant Pearce's untimely response waived all objections to the RFPs.

**1. Order No. 1: Doc. 245**

On July 13, 2011, Magistrate Judge Beck ruled on Plaintiffs' motion to compel. Judge Beck found that Defendant Pearce's untimely disclosure of documents "waived any objections to his RFP

responses or to the production of documents." (Doc. 245, p. 5). The Court also determined however, that the waiver was "not a broad-based subject matter waiver and [did] not extend to documents . . . subject to the attorney-client privilege." (Doc. 245, p. 5).

**2. Order No. 2: Doc. 246**

Also on July 13, 2011, Magistrate Judge Beck ruled on: (1) Plaintiffs' motion to compel deposition testimony and documents from Kleinfelder West, Inc., ("Kleinfelder") a prior environmental consultant for Defendant Pearce and (2) Defendant Pearce's motion for protective order regarding the deposition testimony and requests for documents from Kleinfelder. (Doc. 246). According to Plaintiffs, Defendant Pearce asserted a blanket privilege over the entire Kleinfelder file, including documents already disclosed to the RWQCB, and refused to allow Kleinfelder to answer questions regarding the February 25, 2010, Site Assessment Report. (Doc. 246, p. 4). In Plaintiffs' motion to compel, they argued that because the February 25, 2010, Site Assessment Report was prepared for a governmental agency Defendant Pearce waived the entire subject matter related to the report. (Doc. 246, p. 4-5). Judge Beck rejected Plaintiffs' argument and held that "the Court does not find a broad waiver of work product protection based on disclosure of the final Site Assessment Report dated February 25, 2010. To the extent not already completed, Kleinfelder must produce the underlying data on which the assessment report was based, but need not produce drafts or notes regarding the report." (Doc. 246, p. 5). The Court reiterated this determination when ruling on Defendant Pearce's motion for protective order, *i.e.*, that the deposition questioning of Kleinfelder and any associated document production be limited to the data underlying the report. (Doc. 246, p. 10).

**3. Order No. 3 (Doc. 247)**

Following the filing of these orders, counsel for Defendant Pearce requested clarification regarding, "whether Defendant Pearce must produce written communications between his attorney (Ms. Clack) and his non-testifying expert, Kleinfelder West, Inc." (Doc. 372-3). In the request for clarification, counsel pointed out that the order at Doc. 246 limited Kleinfelder's production of documents to the data underlying the assessment report. (Doc. 246, p. 10). Counsel also pointed out that the Court's order at Doc. 245 was broader and provided that Pearce's untimely disclosure waived any objections to his RFP responses or to the production of documents. (Doc. 245, p. 5).

On August 9, 2011, Magistrate Judge Beck filed an order clarifying the two July 13, 2011 orders. (Doc. 247). The order states in relevant part:

> Defendant Pearce has waived all objections and any claimed work-product protection in responding to Plaintiffs' Second Set of Requests for Production of Documents. Defendant Pearce is therefore ordered to respond and to produce responsive documents within seven (7) days of the date of this Order.
>
> The Court's finding of waiver does not extend to documents that are subject to the attorney-client privilege. If Defendant Pearce intends to withhold any documents from this production on the basis of attorney-client privilege, then he is ordered to produce a privilege log to Plaintiffs within seven (7) days of the date of this Order.

(Doc. 247, p. 2). Absent from the order is any mention of the Court's previous ruling that the waiver was not a broad-based subject matter waiver. (Doc. 245, p. 5). Also, absent from the order is any mention of the protective orders related to the documents in the possession of Pearce's environmental consultants which the Court granted. (Doc. 246, p. 10).

**4. Motion to Compel**

On December 16, 2011, Plaintiffs filed a motion to compel Defendant Pearce's compliance with the Court's July 12, 2011 (Doc. 245) and August 9, 2011 (Doc. 247), discovery orders. (Doc. 362). Plaintiff acknowledged that on August 4, 2011, Pearce produced a limited set of documents but continued to refuse to produce a complete set of documents for RFP Nos. 5, 6, and 8 and continued to refuse to produce a privilege log. On January 20, 2012, the parties submitted a joint statement regarding Plaintiffs' motion to compel. (Doc. 375). In the joint statement, Defendant Pearce explained that he already complied with RFP Nos. 5, 6, and 8. (Doc. 375, p. 29).

On January 27, 2012, a hearing was held before Magistrate Judge McAuliffe. (Doc. 385). At the beginning of the hearing, Plaintiff acknowledged that RFP No. 7 was no longer at issue.[2] After hearing argument from both parties, the Court issued a ruling from the bench. (Doc. 385, p. 16). The Court stressed the need to read all of Judge Beck's orders together, and that they should not be read in isolation. (Doc. 385, p. 16-17). The Court then went through each RFP and made a ruling. (Doc. 385,

---

[2] RFP No. 7 requests pictures related to Defendant Pearce's ownership and operation of the former dry cleaners at 1340 G. Street in Reedley, California which Pearce operated from 1961 to 1987. No responsive documents to the request exist, so Judge McAuliffe denied the motion to compel RFP No. 7 as moot. (Doc. 382).

4

p. 17). With regard to RFP No. 5, the Court denied the motion to compel. (Doc. 385, p. 16). The Court first found that Pearce did not have control over the Kleinfelder documents not actually sent to Pearce. (Doc. 385, p. 17). Thus, the Court reasoned, Pearce could not be "compelled to produce documents for which [he did] not have possession, custody, and control." (Doc. 385, p. 17). The Court further explained that:

> It would be completely inconsistent to read Judge Beck's orders that the Kleinfelder drafts are not to be produced, but . . . permit back door discovery by saying those same drafts can be produced by [Pearce] . . . Enns may not use the work of the consultant against [Pearce], and Judge Beck so held.

(Doc. 385, p. 18). The Court also denied the motion to compel RFP No. 6, because the documents which complied with the request were already produced. (Doc. 385, p. 18). Finally, with regard to RFP No. 8, the Court denied the motion to compel because Judge Beck previously denied Plaintiffs' motion to compel the same documents from Salem Engineering Group, Inc. (Doc. 385, p. 19). Thus, the Court reasoned, Plaintiff could not "back door it" by asking for the same documents from Pearce. (Doc. 385, p. 19).

### III. LEGAL STANDARD

"A party seeking reconsideration of [a] Magistrate Judge's ruling shall file a request for reconsideration," pursuant to Local Rule 303(c). The party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse the prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the Court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Security Farms v. International Broth. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (internal quotation marks omitted); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). "In contrast, the

5

contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." *Green*, 219 F.R.D. at 489 (internal quotation marks omitted). Thus, a District Court may overturn a Magistrate Judge's "conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent." *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

With these standards in mind, this Court turns to Plaintiffs' criticisms of Magistrate Judge McAuliffe's January 27, 2012, ruling.

### IV. DISCUSSION

**A. Reconsideration of Motion to Compel**

Plaintiffs contend that Magistrate Judge McAuliffe's January 27, 2012, ruling was clearly erroneous because it disregarded the specific and most recent order issued by Judge Beck which required production of the requested documents and relied on a prior order, which was superseded by the more recent order, in support of its decision.

Judge McAuliffe's January 27, 2012, order was not clearly erroneous because the record shows that the Court did not disregard any of Judge Beck's prior orders but considered them together. At the January 27, 2012 hearing, the Court explicitly stated that it disagreed with Plaintiffs' position that the Judge Beck orders should be read in isolation. (Doc. 385, p. 16). The Court stated, "I disagree with the Plaintiff's position. I think we need to read all of Judge Beck's orders together, and they should not be read in isolation." (Doc. 385, p. 16-17). Moreover, the Court did not commit clear error by reading Judge Beck's prior orders together because there appears to be an omission in Judge Beck's August 9, 2011 clarification order, which is the order Plaintiff argues supersedes the prior orders.

Judge Beck issued three discovery orders relevant to the instant dispute. The orders are at Docs. 245, 246, and 247. In Doc. 245, which was filed on July 13, 2011, Judge Beck granted Plaintiffs' motion to compel the production of documents listed in RFP Nos. 5-8. (Doc. 245, p. 5). Judge Beck granted the motion based on its determination that Pearce's untimely response to the RFPs "waived any objections to his RFP responses or to the production of documents." (Doc. 245, p. 5). Judge Beck qualified the waiver however, by holding that "the waiver is not a broad-based subject matter waiver and it does not extend to documents that are subject to the attorney-client privilege." (Doc. 245, p. 5). Judge

Beck also acknowledged that, "Pearce made a good faith effort to pursue protective orders related to documents in the possession of his environmental consultants." (Doc. 245, p. 5).

That same day, Judge Beck ruled on Plaintiffs' motion to compel deposition testimony and documents from the person most qualified at Kleinfelder, Pearce's former environmental consultant, and Pearce's motion for a protective order regarding the same deposition testimony and request for documents. This is the order at Doc. 246. With regard to the request for documents, Plaintiffs argued that because the February 25, 2010, Site Assessment Report was prepared for a governmental agency there had been a waiver as to the entire subject matter related to the report. (Doc. 246, p. 4-5). Production of a final report generally does not effect a broad waiver as to the entire subject matter of the disclosed material. *See, e.g.*, *S.E.C. v. Schroeder*, 2009 WL 1125579, *7 (N.D. Cal. Apr. 27, 2009) (rejecting argument that production of final interview memoranda effected a broad waiver as to the entire subject matter of the disclosed material , including underlying attorney notes and drafts). Accordingly, Judge Beck rejected Plaintiffs' argument and held that any waiver was limited to the production of the underlying data referenced or contained in the report and ordered Kleinfelder to produce the underlying data on which the assessment report was based but explicitly stated that Kleinfelder need not produce drafts or notes regarding the report. (Doc. 246, p. 5).

Shortly thereafter, on August 8, 2011, counsel for Defendant Pearce sent a letter to Judge Beck requesting clarification regarding the orders at Docs. 245 and 246. (Doc. 372-3). Pearce requested clarification regarding "whether Defendant Pearce must produce written communications between his attorney (Ms. Clack) and his non-testifying expert, Kleinfelder West, Inc." (Doc. 372-3). Pearce requested clarification in light of the fact that Doc. 246 limited Kleinfelder's production of documents to the data underlying the report while Doc. 245 was written more broadly. (Doc. 372-3). In response to the letter, Judge Beck issued the order at Doc. 247. The order at Doc. 247 begins by briefly summarizing the holding in the order at Doc. 245, *i.e.*, that Pearce's untimely disclosure "waived any objections to his RFP responses or to the production of documents." (Doc. 247, p. 1). The summary further acknowledged that the waiver did not extend to documents subject to the attorney-client privilege. (Doc. 247, p. 1). Absent from the summary however, is Judge Beck's previous holding that the waiver was "not a broad-based subject matter waiver." (Doc. 245, p. 5). In addition, the order fails

to mention the protective order related to the documents in the possession of Pearce's environmental consultant. (Doc. 246, p. 10). Judge Beck then clarified the prior orders as follows:

> Defendant Pearce has waived all objections and any claimed work-product protection in responding to Plaintiffs' Second Set of Requests for Production of Documents. Defendant Pearce is therefore ordered to respond and to produce responsive documents . . .
>
> The Court's finding of waiver does not extend to documents that are subject to the attorney-client privilege. If Defendant Pearce intends to withhold any documents from this production on the basis of attorney-client privilege, then he is ordered to produce a privilege log to Plaintiffs.

(Doc. 247, p. 2).

Plaintiff now argues that Doc. 247 supersedes all prior orders issued by Judge Beck. Thus, according to Plaintiffs, Defendant Pearce waived all objections and work-product protections related to RFP Nos. 5, 6, and 8. Given that the clarification order (Doc. 247) completely omits the limitation on the waiver, *i.e.*, that the waiver was not a broad-based subject matter waiver, without any analysis or discussion. Coupled with the fact that Judge Beck previously rejected Plaintiffs' request for a broad-based subject matter waiver in both Docs. 245 and 246, it appears that the failure to include the subject matter limitation on the waiver in the clarification order was a mere oversight. Therefore, Judge McAuliffe did not clearly err by reading the orders together when deciding Plaintiffs' motion to compel. Moreover, as pointed out by Judge McAuliffe, if the orders were read in isolation the clarification order would be inconsistent with the orders at Docs. 245 and 246 and allow back door discovery. Judge Beck was very clear in Doc. 246 that Kleinfelder "must produce the underlying data on which the assessment report was based, but need not produce drafts or notes regarding the report." (Doc. 246, p. 5). Thus, it would be inconsistent and allow backdoor discovery to read the clarification order at Doc. 247 as allowing Pearce to produce the same drafts or notes that Judge Beck previously ruled as protected as produced by Kleinfelder. Accordingly, the record shows that Magistrate Judge McAuliffe considered all of Judge Beck's prior orders when ruling on Plaintiffs' motion to compel and did not clearly err by reading the orders together.

Moreover, based on the parties' joint statement regarding Plaintiffs' motion to compel, Defendant Pearce has complied with RFP Nos. 5, 6 and 8. With regard to RFP No. 5, all that was

required to be produced was data underlying the February 25, 2010, Site Assessment Report. (Doc. 246, p. 5). However, Pearce and Kleinfelder produced much more. In-house counsel for Kleinfelder produced all of the working files kept by Kleinfelder related to the report which totaled approximately 400 pages. (Doc. 375, p. 36). Kleinfelder also produced emails with attachments relating to the preparation of the report. (Doc. 375, p. 36). With regard to RFP No. 6, Pearce has already produced all documents related to his communications with any governmental agencies. (Doc. 375, p. 41). Finally, with regard to RFP No. 8, Pearce produced all documents related to Salem Engineering Group, Inc's ("Salem") March 28, 2011, review of groundwater elevation and flow direction data. (Doc. 375, p. 39). In addition, Plaintiffs have the data underlying the report because the March 28, 2011, Salem report relies on the data generated by Plaintiffs' experts. Accordingly, this Court DENIES Plaintiffs' motion for reconsideration.

**B. Request for Sanctions**

Plaintiffs request that this Court impose sanctions as it deems appropriate and order the payment of reasonable expenses, including attorney's fees, as a result of Defendant Pearce's alleged failure to comply with Judge Beck's discovery orders. If a party fails to obey an order to provide or permit discovery the Court may impose sanctions and/or reasonable expenses. Fed. R. Civ. P. 37(b)(2). Because Defendant Pearce complied with Judge Beck's discovery orders, this Court DENIES Plaintiffs' request for sanctions.

### V. CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Plaintiffs' motion for reconsideration and request for sanctions and reasonable expenses.

IT IS SO ORDERED.

**Dated:   February 27, 2012**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE