Jeffery L. Caufield, Esq. (SBN 166524)
jeff@caufieldjames.com
Kenneth E. James, Esq. (SBN 173775)
ken@caufieldjames.com
CAUFIELD & JAMES, LLP
2851 Camino Del Rio South, Suite 410
San Diego, California 92108
(619) 325-0441 Telephone
(619) 325-0231 Facsimile

Attorneys for Plaintiffs Enns Pontiac, Buick,
& GMC Truck, Earl L. Enns & Esther Enns
as Trustees of the 2004 Enns Family Trust,
Harold J. Enns & Patricia L. Enns as Trustees
for the Family Trust

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNS PONTIAC, BUICK, & GMC TRUCK, *et al.*;<br><br>Plaintiffs,<br><br>v.<br><br>ORELIA FLORES, *et al.*;<br><br>Defendants,<br><br>AND RELATED ACTIONS. | **NO: 1:07-CV-01043-LJO-BAM**<br><br>**STIPULATION AND ORDER REGARDING CONTINUANCE OF SCHEDULING ORDER DEADLINES IN ORDER TO ATTEND FURTHER MEDIATION**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 3<br>Judge: Honorable Lawrence J. O'Neill |

STIPULATION TO EXTEND CASE DEADLINES

The parties to this matter, by and through their undersigned counsel, stipulate to the following joint request to the Court that it continue the Scheduling Order deadlines for approximately one hundred eighty (180) days as set forth in the proposed schedule below.

## I. UNDERLYING ACTION

The present action is a complex case arising under, *inter alia*, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments & Reauthorization Act of 1986, 42 United States Code Sections 9601 *et seq*. ("CERCLA"). The underlying dispute between Plaintiffs/Counter-Defendants Enns Pontiac, Buick, & GMC Truck, Earl L. Enns and Esther J. Enns; and Harold J. Enns and Patricia L. Enns ("Enns"), and Defendants, John Pearce ("Pearce"), Louis and Patsy Martinez ("Martinezes"), Patricia Clothier and Carolyn Whitesides, as Administrators to the Estate of Mabel Lee, the Estate of Mabel Lee, Deceased, Reedley Steam Laundry, and Reedley Dry Cleaning Works (collectively, the "Lees"), and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi, and the Estate of Sieto Yamaguchi, deceased (collectively, the "Yamaguchis"), involves claims related to the source, nature and extent of alleged contamination underlying and/or surrounding three or more properties located on G Street in Reedley, California, including 1307, 1319, and 1340 G Street, Reedley, California ("G Street Properties"). The case involves private parties, many of whom are elderly and without significant resources, and a relevant time period that spans multiple decades dating back to the 1960s. Prior businesses at 1319 and 1340 G Street in Reedley, California include dry cleaning operations. A prior business at 1307 G Street, Reedley, CA 93654 included an automobile dealership with an automotive repair shop. Contamination allegedly existed and/or exists beneath the G Street Properties and surrounding areas. Other dry cleaning, automotive, and/or industrial businesses in the area may also be contributing to contamination in and around the G Street Properties.

## II. STATUS OF THE PLEADINGS AND UPCOMING DEADLINES

New parties were added to this litigation pursuant to the Court's May 2, 2011 Order. (*See* Docket No. 161). On or about September 22, 2011, the Lees and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi, each filed counterclaims and cross-claims against the parties in this case following the Court's August 30, 2011, Memorandum Decision and Order Re Defendants' Motions to Dismiss Second Amended Complaint. (*See* Docket Nos. 250, 259, 260, 263). In addition, on or about October 13, 2011, John Pearce filed counterclaims and cross-claims against the parties in this case. (*See* Docket Nos. 286, 287). The responses to all newly-asserted claims have been filed.

Under the current Scheduling Order, expert witness disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP") are due on October 30, 2012. (*See* Docket No. 397). Parties participated in a mediation on September 19, 2012. As a result of the mediation it was agreed that further site characterization and testing would take place. After additional characterization is completed all parties have agreed to conduct an additional day of mediation in January 2013. As a result, parties are requesting to extend all deadlines as detailed below.

## III. SITE INVESTIGATION AND SETTLEMENT STATUS

Ongoing testing and characterization work is being conducted beneath the G Street Properties and surrounding areas to determine the nature and extent of alleged contamination, and to identify the appropriate remedial approach. Enns has conducted multiple rounds of testing and installed additional monitoring wells in an attempt to understand and evaluate the full extent of the contamination in and around the G Street Properties. Multiple rounds of soil vapor testing have been conducted by defendant John Pearce. The parties participated in mediation on September 19, 2012. During the mediation it was agreed that additional site characterization would go forward to help substantiate information that will help to facilitate further

settlement discussions. As discussed further below, the parties' intention to pursue further settlement negotiations is the basis for the request for a continuance.

## IV. DISCOVERY STATUS

Expert disclosures pursuant to FRCP 26(a)(2), (A) and (B) are scheduled to occur on October 30, 2012. (*See* Docket No. 397). This stipulation proposes to extend that (and other) deadline(s), as explained below.

## V. GOOD CAUSE EXISTS FOR THE CONTINUANCE OF THE SCHEDULING ORDER DEADLINES

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." Hannon v. Chater, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16(b)(4). The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. Rouse v. Farmers State Bank of Jewell, Iowa, 866 F.Supp. 1191 (N.D.Iowa 1994). With this understanding in mind, the parties believe "good cause" is present to support the need for an extension of the case deadlines.

On July 24, 2012 the Honorable District Court Judge Lawrence J. O'Neill issued an Order granting the Stipulation And Order Regarding Continuance Of Scheduling Order Deadlines In Order to Attend Scheduled Mediation which provided amended case deadlines. (*See* Docket No. 397). The dates the Court set were as follows:

| Deadline/Event | Old Date |
| --- | --- |
| Non-Expert Discovery Cut-off | June 3, 2011 |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | October 30, 2012 |
| Expert Rebuttal Disclosure and Expert Supplement Deadline pursuant to FRCP 26 (a)(2)(E) and (C), and FRCP 26(e)(2) | November 29, 2012 |

STIPULATION TO EXTEND CASE DEADLINES

| **Deadline/Event** | **Old Date** |
|---|---|
| Discovery Cut-Off (including experts) | January 2, 2013 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | January 16, 2013 (filed) <br> February 25, 2013 (heard) |
| Dispositive Pre-Trial Motions | February 4, 2013 (filed) <br> March 11, 2013 (heard) |
| Settlement Conference | Parties to contact U.S. Magistrate Judge McAuliffe for date |
| Pre-Trial Conference Date | April 29, 2013 |
| Trial Date | July 23, 2013 |

The parties agree that all remaining unexpired deadlines need to be revised in order to allow the parties to conduct additional characterization, to attempt and complete good faith settlement negotiations which have been tentatively scheduled, and, if necessary, engage in expert discovery and fully prepare for trial if settlement negotiations fail. These bases provide good cause to extend the scheduling deadlines by approximately one hundred eighty (180) days.

**A. Additional Time Is Necessary To Attend Settlement Negotiations**

Good cause exists to continue the deadlines so that all parties can attend additional mediation which has been tentatively scheduled for January 2013. During the parties' first day of mediation it was agreed that additional site characterization and testing should go forward to aid the settlement process. During the mediation the parties agreed to the following dates and events:

- September 28 – Parties will prepare a Stipulation to continue all litigation dates, including a declaration for Mr. Levy to sign recommending the extension.
- October 3 – Conference call with relevant parties about insurance issues including potential retention of insurance archeologists.
- October 10 – Plaintiff will provide a draft work plan to defendants for comment.

4
STIPULATION TO EXTEND CASE DEADLINES

- October 15 – Defendants will provide their comments, if any.
- October 19 – Plaintiff will submit its work plan to the Water Board.
- December 1 – Parties will use their best efforts to complete mediation-related testing.
- December or week of January 7th – Parties to return to mediation.

(Declaration of Lester J. Levy at ¶ 3)

As detailed, it was agreed that once additional site characterization and testing were completed, parties would return for an additional day of mediation.  As during the September 19, 2012 mediation, all parties with <u>full settlement authority</u> including but not limited to insurance carriers will be present and/or available by telephone at the additional day of mediation.

The parties believe that the new information obtained from additional testing will improve the parties' understanding of their liability, thereby increasing the likelihood of successful mediation and settlement.  Thus, the parties seek a six month continuance of all dates in order to avoid significant litigation costs, including additional expert report preparation, discovery, and pre-trial preparation costs, while they conduct additional testing and actively engage in productive mediation.

## VI. NEW PROPOSED DATES

As shown in the previous section, the current schedule of deadlines needs to be revised such that the parties can attend additional mediation prior to expert witness disclosures due in October.  Accordingly, the parties agree that the deadlines in this case should be revised to reflect the dates shown in the chart below:

| **Deadline/Event** | **Old Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Cut-off | June 3, 2011 | June 3, 2011 |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | October 30, 2012 | April 29, 2013 |

| Deadline/Event | Old Date | New Date |
|---|---|---|
| Expert Rebuttal Disclosure and Expert Supplement Deadline pursuant to FRCP 26 (a)(2)(E) and (C), and FRCP 26(e)(2) | November 29, 2012 | May 28, 2013 |
| Discovery Cut-Off (including experts) | January 2, 2013 | July 1, 2013 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | January 16, 2013 (filed)<br>February 25, 2013 (heard) | July 15, 2013 (filed)<br>August 26, 2013 (heard) |
| Dispositive Pre-Trial Motions | February 4, 2013 (filed)<br>March 11, 2013 (heard) | August 5, 2013 (filed)<br>September 6, 2013 (heard) |
| Settlement Conference | Parties to contact U.S. Magistrate Judge McAuliffe for date | Parties to contact U.S. Magistrate Judge McAuliffe for date |
| Pre-Trial Conference Date | April 29, 2013 | October 25, 2013 |
| Trial Date | July 23, 2013 | January 20, 2014 |

## VII. CONCLUSION

The parties agree that the remaining unexpired deadlines need to be revised in order to allow the parties to conduct further site characterization which will help with additional mediation tentatively scheduled for January 2013, before having to prepare for expert witness disclosures. Accordingly, good cause exists to continue the Scheduling Order Deadlines as set forth above. The parties respectfully request that the Court approve the parties' proposed schedule.

DATED: September 28, 2012        CAUFIELD & JAMES LLP


      ___/s/ Jeffery Caufield_____
      Jeffery L. Caufield, Esq.
      Matthew Friedrichs, Esq.
      Attorney for Plaintiffs/Counter-Defendants

6
STIPULATION TO EXTEND CASE DEADLINES

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: September 28, 2012 | THE CRONIN LAW GROUP |
| 3 | | |
| 4 | | ___/s/ Dennis Byrne_____ |
| 5 | | Timothy C. Cronin, Esq. |
| | | Dennis J. Byrne, Esq. |
| 6 | | Attorneys for Defendants |
| 7 | | PATRICIA CLOTHEIR AND |
| | | CAROLYN WHITESIDES, as |
| 8 | | Administrators to the ESTATE OF |
| 9 | | MABEL LEE, THE  ESTATE OF |
| | | MABEL LEE, deceased, REEDLEY |
| 10 | | STEAM LAUNDRY and REEDLEY |
| 11 | | DRY CLEANING WORKS |
| 12 | | |
| 13 | DATED: September 28, 2012 | DOWNEY BRAND LLP |
| 14 | | |
| 15 | | ___/s/ Andrew Skanchy_____ |
| | | Andrew Skanchy, Esq. |
| 16 | | Attorneys for Defendants, |
| 17 | | SACHIKO YAMAGUCHI, as |
| | | administrator to THE ESTATE OF |
| 18 | | SIETO YAMAGUCHI and |
| 19 | | THE ESTATE OF SIETO |
| | | YAMAGUCHI, deceased |
| 20 | | |
| 21 | DATED: September 28, 2012 | LAW OFFICES OF KATHLEEN CLACK |
| 22 | | |
| 23 | | ___/s/ Kathleen Clack_____ |
| | | Kathleen Clack, Esq. |
| 24 | | Attorneys for Defendant, |
| 25 | | JOHN PEARCE |
| 26 | DATED: September 28, 2012 | |
| 27 | | |
| 28 | | ___/s/ Louis Martinez_____ |
| | | LOUIS MARTINEZ |

7
STIPULATION TO EXTEND CASE DEADLINES

DATED: September 28, 2012

                                    ___/s/ Patsy Martinez_____
                                    PATSY MARTINEZ

     Good cause appearing therefore, IT IS SO ORDERED that the Scheduling Order Deadlines be continued as set forth above, so parties can attend additional mediation in January 2013. All parties, adjusters/carriers for insured parties, and other representatives of a party having full and complete authority to enter into binding settlement, and the principal attorneys responsible for the litigation, must be present at the mediation. Full authority to settle means that the individuals at the mediation be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.

     **This Court will grant no further extensions of dates in the absence of absolute good cause to do so.**

IT IS SO ORDERED.

   Dated:  **October 1, 2012**                   **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE