1  Jeffery L. Caufield, Esq. (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James, Esq. (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
4  San Diego, California 92108
   (619) 325-0441 Telephone
5  (619) 325-0231 Facsimile

6
   Attorneys for Plaintiffs Enns Pontiac, Buick,
7  & GMC Truck, Earl L. Enns & Esther Enns
   as Trustees of the 2004 Enns Family Trust,
8  Harold J. Enns & Patricia L. Enns as Trustees
   for the Family Trust
9

10                    UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13  ENNS PONTIAC, BUICK, & GMC          **NO: 1:07-CV-01043-LJO-BAM**
    TRUCK, *et al*.;
14                                       **STIPULATION AND ORDER**
15          Plaintiffs,                  **REGARDING CONTINUANCE**
                                         **OF SCHEDULING ORDER**
16      v.                               **DEADLINES IN ORDER TO**
                                         **ATTEND FURTHER**
17  ORELIA FLORES, *et al*.;             **MEDIATION**

18          Defendants,
                                         New Trial Date: April 22, 2014
19                                       Time: 8:30am
                                         Courtroom: 3
20                                       Judge: Honorable Lawrence J. O'Neill

21

22

23

24  AND RELATED ACTIONS.

25

26

27

28

STIPULATION TO EXTEND CASE DEADLINES

The parties to this matter, by and through their undersigned counsel, stipulate to the following joint request to the Court that it continue the Scheduling Order deadlines for approximately ninety (90) days as set forth in the proposed schedule below.

## I.   UNDERLYING ACTION

The present action is a complex case arising under, *inter alia*, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments & Reauthorization Act of 1986, 42 United States Code Sections 9601 *et seq*. ("CERCLA").  The underlying dispute between Plaintiffs/Counter-Defendants Enns Pontiac, Buick, & GMC Truck, Earl L. Enns and Esther J. Enns; and Harold J. Enns and Patricia L. Enns ("Enns"), and Defendants, John Pearce ("Pearce"), Louis and Patsy Martinez ("Martinezes"), Patricia Clothier and Carolyn Whitesides, as Administrators to the Estate of Mabel Lee, the Estate of Mabel Lee, Deceased, Reedley Steam Laundry, and Reedley Dry Cleaning Works (collectively, the "Lees"), and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi, and the Estate of Sieto Yamaguchi, deceased (collectively, the "Yamaguchis"), involves claims related to the source, nature and extent of alleged contamination underlying and/or surrounding three or more properties located on G Street in Reedley, California, including 1307, 1319, and 1340 G Street, Reedley, California ("G Street Properties").  The case involves private parties, many of whom are elderly and without significant resources, and a relevant time period that spans multiple decades dating back to the 1960s.  Prior businesses at 1319 and 1340 G Street in Reedley, California include dry cleaning operations. A prior business at 1307 G Street, Reedley, CA 93654 included an automobile dealership with an automotive repair shop.  Contamination allegedly existed and/or exists beneath the G Street Properties and surrounding areas. Other dry cleaning, automotive, and/or industrial businesses in the area may also be contributing to contamination in and around the G Street Properties.

1
STIPULATION TO EXTEND CASE DEADLINES

## II.   STATUS OF THE PLEADINGS AND UPCOMING DEADLINES

New parties were added to this litigation pursuant to the Court's May 2, 2011 Order. (*See* Docket No. 161). On or about September 22, 2011, the Lees and Sachiko Yamaguchi, as administrator to the Estate of Sieto Yamaguchi, each filed counterclaims and cross-claims against the parties in this case following the Court's August 30, 2011, Memorandum Decision and Order Re Defendants' Motions to Dismiss Second Amended Complaint. (*See* Docket Nos. 250, 259, 260, 263).  In addition, on or about October 13, 2011, John Pearce filed counterclaims and cross-claims against the parties in this case. (*See* Docket Nos. 286, 287).  The responses to all newly-asserted claims have been filed.

Under the current Scheduling Order, expert witness disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP") are due on April 29, 2013. (*See* Docket No. 400). Parties participated in a mediation on September 19, 2012. As a result of the mediation it was agreed that further site characterization and testing would take place. Additional characterization and testing took place in February and March 2013 and final reports regarding the additional work should be available within the next thirty (30) days.  Parties have agreed to conduct an additional day of mediation in May or early June.  Parties are requesting to extend all deadlines as detailed below.

## III.   SITE INVESTIGATION AND SETTLEMENT STATUS

Ongoing testing and characterization work is being conducted beneath the G Street Properties and surrounding areas to determine the nature and extent of alleged contamination, and to identify the appropriate remedial approach.  Enns has conducted multiple rounds of testing and installed additional monitoring wells in an attempt to understand and evaluate the full extent of the contamination in and around the G Street Properties. In December 2012 Enns installed an additional deep multi-channel groundwater monitoring well. This new well was drilled to a depth of approximately 153 feet. Four depth-discrete groundwater monitoring wells were

1   installed within this well at 70, 98, 118, and 138 feet bsg. The report for that work

2   was finalized and submitted to the California Regional Water Quality Control board

3   on January 23, 2013. After development of the new deep multi-channel well, Enns

4   conducted additional groundwater sampling in late February and the report should be

5   finalized and submitted within the next thirty (30) days. John Pearce conducted soil

6   vapor sampling from temporary soil vapor points. Pearce also conducted additional

7   work in February 2013 and installed multiple permanent soil vapor wells. Those

8   wells were recently tested in early March and the report for the well installations and

9   testing is not yet complete. Pearce's report should be finalized and submitted within

10  the next month.  The parties participated in mediation on September 19, 2012.

11  During the mediation it was agreed that additional site characterization would go

12  forward, and it did go forward as described above. The additional work will help

13  substantiate information that will help to facilitate further settlement discussions.  As

14  detailed, results from the additional work performed by multiple parties are currently

15  being finalized and should be available within the next thirty (30) days. The

16  additional analytical results will be used during the additional mediation.  As

17  discussed further below, the parties' intention to pursue further settlement

18  negotiations is the basis for the request for a continuance.

19  **IV.  DISCOVERY STATUS**

20          Expert disclosures pursuant to FRCP 26(a)(2), (A) and (B) are scheduled to

21  occur on April 29, 2013. (*See* Docket No. 400). This stipulation proposes to extend

22  that (and other) deadline(s), as explained below.

23  **V.   GOOD CAUSE EXISTS FOR THE CONTINUANCE OF THE**

24  **SCHEDULING ORDER DEADLINES**

25          Scheduling orders entered before the final pretrial conference may be

26  modified upon a showing of "good cause."  Hannon v. Chater, 887 F.Supp. 1303

27  (N.D.Cal. 1995); FRCP 16(b)(4).  The reason for the "good cause" requirement for

28  modification of a court's scheduling order is that such orders and their enforcement

are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.  <u>Rouse v. Farmers State Bank of Jewell, Iowa</u>, 866 F.Supp. 1191 (N.D.Iowa 1994). With this understanding in mind, the parties believe "good cause" is present to support the need for an extension of the case deadlines.

On October 1, 2012 the Honorable District Court Judge Lawrence J. O'Neill issued an Order granting the Stipulation And Order Regarding Continuance Of Scheduling Order Deadlines In Order to Attend Further Mediation which provided amended case deadlines. (*See* Docket No. 400).   The dates the Court set were as follows:

| <u>Deadline/Event</u> | <u>Old Date</u> |
|---|---|
| Non-Expert Discovery Cut-off | June 3, 2011 |
| Expert Witness Disclosures  pursuant to FRCP 26(a)(2), (A) and (B) | April 29, 2013 |
| Expert Rebuttal Disclosure and Expert Supplement Deadline pursuant to FRCP 26 (a)(2)(E) and (C), and FRCP 26(e)(2) | May 28, 2013 |
| Discovery Cut-Off (including experts) | July 1, 2013 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | July 15, 2013 (filed) August 26, 2013 (heard) |
| Dispositive Pre-Trial Motions | August 5, 2013 (filed) September 6, 2013 (heard) |
| Settlement Conference | Parties to contact U.S. Magistrate Judge McAuliffe for date |
| Pre-Trial Conference Date | October 25, 2013 |
| Trial Date | January 20, 2014 |

The parties agree that all remaining unexpired deadlines need to be revised in order to allow the parties to finalize results from recent characterization efforts, conduct additional research regarding insurance, and to attempt and complete good faith settlement negotiations which have been tentatively scheduled, and, if

STIPULATION TO EXTEND CASE DEADLINES

1  necessary, engage in expert discovery and fully prepare for trial if settlement

2  negotiations fail. These bases provide good cause to extend the scheduling deadlines

3  by approximately ninety (90) days.

4  **A. <u>Additional Time Is Necessary To Attend Settlement Negotiations</u>**

5  Good cause exists to continue the deadlines so that all parties can maximize

6  the additional mediation opportunity which has been tentatively scheduled for May

7  or early June 2013. During the parties' first day of mediation, it became apparent

8  that the parties lacked sufficient agreement regarding site conditions. This lack of

9  shared understanding impeded settlement because the parties could not agree on the

10  scope of the problem, the appropriate methods for resolving the problems, and the

11  costs of doing so. The parties agreed that additional site characterization and testing

12  should go forward to enhance the settlement process. During the mediation the

13  parties agreed to the following dates and events:

14  • September 28 – Parties will prepare a Stipulation to continue all litigation

15    dates, including a declaration for Mr. Levy to sign recommending the

16    extension.

17  • October 3 – Conference call with relevant parties about insurance issues

18    including potential retention of insurance archeologists.

19  • October 10 – Plaintiff will provide a draft work plan to defendants for

20    comment.

21  • October 15 – Defendants will provide their comments, if any.

22  • October 19 – Plaintiff will submit its work plan to the Water Board.

23  • December 1 – Parties will use their best efforts to complete mediation-related

24    testing.

25  • December or week of January 7th – Parties to return to mediation.

26    (Declaration of Lester J. Levy at  ¶ 3)

27  As detailed, it was agreed that once additional site characterization and testing

28  were completed, parties would return for an additional day of mediation.  The

5

STIPULATION TO EXTEND CASE DEADLINES

characterization efforts have taken longer than anticipated, so parties have not yet received final results nor returned to mediation. Although additional mediation has not taken place, Parties have had multiple joint teleconferences with the mediator discussing this matter and progress towards potential settlement (Declaration of Lester J. Levy at ¶ 4). Currently, the final reports for the additional characterization and testing have not been completed. The completion of these reports is crucial to the additional mediation and they should be completed within the next 30 days. (Declaration of Lester J. Levy at ¶ 5).

Moreover, during the September 19, 2012 mediation the parties discussed hiring a forensic insurance investigator in an attempt to locate all insurance that could potentially provide coverage in this case. (Declaration of Lester J. Levy at ¶ 6). Certain parties have hired a forensic investigator and have been conducting additional searches for insurance coverage. Id. These additional searches are not yet complete. Id. Parties want to make sure all insurance coverage has been determined and that all Parties and insurance carriers are at the next mediation. Having ALL insurance carriers at the additional mediation will further aid settlement negotiations. As these searches are not yet complete, additional good cause exists to extend the deadlines, which will allow the searches to be finished, and then allow parties to return to mediation confidently.

As with the September 19, 2012 mediation, all parties with full settlement authority including but not limited to insurance carriers will be present at the additional day of mediation, unless excused by the mediator.

In sum, the parties believe that the new information obtained from the additional insurance searches and additional testing will improve the parties' understanding of coverage and their liability, thereby maximizing the likelihood of successful mediation and settlement.  In addition, if the mediation is unsuccessful then Parties will have time to prepare for expert disclosures without having to request additional leave from the Court. Thus, the parties seek a ninety (90) day

1  continuance of all dates in order to avoid significant litigation costs, including

2  additional expert report preparation, discovery, and pre-trial preparation costs, while

3  they conduct additional insurance research, finalize testing results, and actively

4  engage in productive mediation.

5  **VI.  NEW PROPOSED DATES**

6  As shown in the previous section, the current schedule of deadlines needs to

7  be revised such that the parties can attend additional mediation prior to expert

8  witness disclosures due in April.  Accordingly, the parties agree that the deadlines in

9  this case should be revised to reflect the dates shown in the chart below:

| **Deadline/Event** | **Old Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Cut-off | June 3, 2011 | June 3, 2011 |
| Expert Witness Disclosures pursuant to FRCP 26(a)(2), (A) and (B) | April 29, 2013 | July 29, 2013 |
| Expert Rebuttal Disclosure and Expert Supplement Deadline pursuant to FRCP 26 (a)(2)(E) and (C), and FRCP 26(e)(2) | May 28, 2013 | August 26, 2013 |
| Discovery Cut-Off (including experts) | July 1, 2013 | September 30, 2013 |
| Non-Dispositive Pre-Trial Motions (including discovery motions) | July 15, 2013 (filed) August 26, 2013 (heard) | October 14, 2013 (filed) November 25, 2013 (heard) |
| Dispositive Pre-Trial Motions | August 5, 2013 (filed) September 6, 2013 (heard) | November 4, 2013 (filed) December 5, 2013 (heard) |
| Settlement Conference | Parties to contact U.S. Magistrate Judge McAuliffe for date | Parties to contact U.S. Magistrate Judge McAuliffe for date |
| Pre-Trial Conference Date | October 25, 2013 | January 23, 2014 |
| Trial Date | January 20, 2014 | April 20, 2014 |

1

## VII. __CONCLUSION__

2      The parties agree that the remaining unexpired deadlines need to be revised in

3 order to allow the parties to conduct further insurance investigations, finalize site

4 characterization results which will help maximize the potential for settlement at the

5 additional mediation tentatively scheduled for May or early June 2013, before

6 having to prepare for expert witness disclosures. Accordingly, absolute good cause

7 exists to continue the Scheduling Order Deadlines as set forth above. The parties

8 respectfully request that the Court approve the parties' proposed schedule.

9

10 DATED: March  29, 2013                    CAUFIELD & JAMES LLP

11

12                                          ___/s/ Jeffery Caufield_____
                                           Jeffery L. Caufield, Esq.
13                                          Matthew Friedrichs, Esq.
                                           Attorney for Plaintiffs/Counter-
14                                          Defendants
15

16

17 DATED: March  29, 2013                    THE CRONIN LAW GROUP

18

19                                          ___/s/ Dennis Byrne_____
                                           Timothy C. Cronin, Esq.
20                                          Dennis J. Byrne, Esq.
21                                          Attorneys for Defendants
                                           PATRICIA CLOTHEIR AND
22                                          CAROLYN WHITESIDES, as
                                           Administrators to the ESTATE OF
23                                          MABEL LEE, THE  ESTATE OF
24                                          MABEL LEE, deceased, REEDLEY
                                           STEAM LAUNDRY and REEDLEY
25                                          DRY CLEANING WORKS
26

27

28

1  DATED: March  29, 2013                    DOWNEY BRAND LLP

2

3                                            ___/s/ Gregory Broderick_____

4                                            Gregory Broderick, Esq.
                                             Attorneys for Defendants,
5                                            SACHIKO YAMAGUCHI, as
                                             administrator to THE ESTATE OF
6                                            SIETO YAMAGUCHI and
                                             THE ESTATE OF SIETO
7                                            YAMAGUCHI, deceased
8

9  DATED: March  29, 2013         LAW OFFICES OF KATHLEEN CLACK

10

11                                           ___/s/ Kathleen Clack_____

12                                           Kathleen Clack, Esq.
                                             Attorneys for Defendant,
13                                           JOHN PEARCE

14  DATED: March  29, 2013

15

16                                           __/s/ Louis Martinez_____

17                                           LOUIS MARTINEZ

18

19  DATED: March  29, 2013

20

21                                           ___/s/ Patsy Martinez_____

22                                           PATSY MARTINEZ

23

24

25

26

27

28

STIPULATION TO EXTEND CASE DEADLINES

1

## **ORDER**

2       The Court, having considered the stipulation, finds good cause exists to modify

3   the current scheduling order deadlines.

4       Good cause appearing therefore, IT IS SO ORDERED that the Scheduling Order

5   Deadlines be continued as set forth below, so parties can attend additional mediation in

6   May or early June 2013.

7

| **Deadline/Event** | **Old Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Cut-off | June 3, 2011 | June 3, 2011 |
| Expert Witness Disclosures | April 29, 2013 | July 29, 2013 |
| Expert Rebuttal Disclosure and Expert Supplement Deadline | May 28, 2013 | August 26, 2013 |
| Expert Discovery Cut-Off (including discovery motions)[1] | July 1, 2013 | October 14, 2013 |
| Dispositive Pre-Trial Motions | August 5, 2013 September 6, 2013 | November 4, 2013 (filed) December 5, 2013 (heard) |
| Settlement Conference | Not set. | Not set. |
| Pre-Trial Conference Date | October 25, 2013 | January 23, 2014 |
| Trial Date | January 20, 2014 | April 22, 2014 |

21       IT IS FURTHER ORDERED that all parties, adjusters/carriers for insured

22   parties, and other representatives of a party having full and complete authority to enter

23   into binding settlement, and the principal attorneys responsible for the litigation, must

24   be present at the mediation, unless excused by the mediator. Full authority to settle

25

26

---

[1]       Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

STIPULATION TO EXTEND CASE DEADLINES

1  means that the individuals at the mediation be authorized to fully explore settlement

2  options and to agree at that time to any settlement terms acceptable to the parties.

3

4

IT IS SO ORDERED.

5

6    Dated:   **April 2, 2013**                    /s/ Barbara A. McAuliffe

7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO EXTEND CASE DEADLINES