1  Jeffery L. Caufield, Esq. (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James, Esq. (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
4  San Diego, California 92108
   (619) 325-0441 Telephone
5  (619) 325-0231 Facsimile

6

7  Attorneys for Plaintiffs Enns Pontiac, Buick,
   & GMC Truck, Earl L. Enns & Esther Enns
   as Trustees of the 2004 Enns Family Trust,
8  Harold J. Enns & Patricia L. Enns as Trustees
   for the Family Trust
9

10

11                UNITED STATES DISTRICT COURT

12         FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | ENNS PONTIAC, BUICK, & GMC TRUCK, *et al.*; | NO: 1:07-CV-01043-LJO-BAM |

14 | Plaintiffs, | **JOINT STIPULATION AND ORDER REGARDING PARTIES' REQUEST TO VACATE REMAINING SCHEDULING ORDER DEADLINES IN ORDER TO FINALIZE SETTLEMENT AND SETTING SETTLEMENT CONFERENCE** |

15 | v. |

16 | ORELIA FLORES, *et al.*; |

17 | Defendants, |

18

19

20 **Settlement Conference**

21 **Date: April 29, 2014**
   **Time: 10:00 am**
22 **Department 8 (BAM)**

23

24

25

26 AND RELATED ACTIONS.

27

28

STIPULATION TO VACATE REMAINING CASE DEADLINES

Pursuant to the Court's March 13, 2014 Order, the parties to this matter, by and through their undersigned counsel, stipulate to the following joint request to the Court that it vacate the unexpired Scheduling Order deadlines and schedule a mandatory settlement conference.

## I. UNDERLYING ACTION

The present action is a complex case arising under, *inter alia*, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments & Reauthorization Act of 1986, 42 United States Code Sections 9601 *et seq*. ("CERCLA"). The underlying dispute between Plaintiffs/Counter-Defendants Enns Pontiac, Buick, & GMC Truck, Earl L. Enns and Esther J. Enns; and Harold J. Enns and Patricia L. Enns ("Enns"), and Defendants, John Pearce ("Pearce"), Louis and Patsy Martinez ("Martinezes"), Patricia Clothier and Carolyn Whitesides, as Administrators to the Estate of Mabel Lee, the Estate of Mabel Lee, Deceased, Reedley Steam Laundry, and Reedley Dry Cleaning Works (collectively, the "Lees"), and Constance and Dana K. Yamaguchi, as administrators to the Estate of Sieto Yamaguchi, Sachiko Yamaguchi, deceased, as former administrator to the Estate of Sieto Yamaguchi, and the Estate of Sieto Yamaguchi, deceased (collectively, the "Yamaguchis"), involves claims related to the source, nature and extent of alleged contamination underlying and/or surrounding three or more properties located on G Street in Reedley, California, including 1307, 1319, and 1340 G Street, Reedley, California ("G Street Properties"). The case involves private parties, many of whom are elderly and without significant resources, and a relevant time period that spans multiple decades dating back to the 1960s. Prior businesses at 1319 and 1340 G Street in Reedley, California include dry cleaning operations. A prior business at 1307 G Street, Reedley, CA 93654 included an automobile dealership with an automotive repair shop. Contamination allegedly existed and/or exists beneath the G Street Properties and surrounding areas. Other dry cleaning, automotive, and/or industrial businesses

in the area may also be contributing to contamination in and around the G Street Properties.

## II. PARTIES HAVE REACHED A SETTLEMENT IN PRINCIPLE

### a. A Global Settlement in Principle Has Been Reached But Various Tasks Need to be Accomplished

As detailed in our March 12, 2014 Joint Status Report, based on the January 24, 2014 mediation and subsequent communications between the parties, a global settlement of this case has been reached in principle. Parties and insurance carriers have agreed to certain amounts to be paid as part of the settlement of all claims and counterclaims in this case. Although the amounts to be paid have been determined the parties are finalizing the terms of various settlement agreements. To reach final settlement in this case the Parties determined and agreed that the following items were needed: settlement agreements between the insurance carriers and parties with insurance, a global settlement agreement between all parties, formation of a environmental remediation trust, a motion for a good faith settlement determination, and agreements between the California Regional Water Quality Control Board ("CA RWQCB") and the Environmental Remediation Trust to be formed.

Currently, all agreements needed for final settlement have been exchanged including the settlement agreements between the insurance carriers and parties with insurance, the global settlement agreement between all parties, documents forming the environmental remediation trust, a motion for a good faith settlement determination, and an agreement with the CA RWQCB and the proposed Environmental Remediation Trust. Parties have been exchanging comments regarding these agreements over the last couple weeks but some Parties have needed additional time to make comments due to other case deadlines and obligations. As a result, final documents that are ready for signature by all Parties have not been exchanged. Despite the Parties good faith efforts and progress, the Parties require additional time to finalize all the documents detailed above.

**b. <u>Good Cause Exists for Current Case Deadlines To Be Vacated</u>**

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." <u>Hannon v. Chater</u>, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16(b)(4). The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. <u>Rouse v. Farmers State Bank of Jewell, Iowa</u>, 866 F.Supp. 1191 (N.D.Iowa 1994). With this understanding in mind, the parties believe "good cause" is present to support Parties' request to vacate the remaining case deadlines.

The Final Pretrial Conference is set for April 14, 2014 while Trial is set for June 10, 2014. As detailed above, Parties are making good faith efforts to finalize settlement and progress has been made, Parties believe that the current remaining deadlines should be vacated so the Parties can finalize all agreements and/or attend a mandatory settlement conference with Magistrate Judge Barbara A. McAuliffe as discussed further below. Parties fear that if these deadlines remain on calendar unnecessary costs will be spent on trial preparation which could potentially derail settlement altogether.

**c. <u>Parties Request a Mandatory Settlement Conference With Magistrate Judge Barbara A. McAuliffe</u>**

Although parties believe final settlement terms and agreements will be reached, scheduling a mandatory settlement conference with Magistrate Judge Barbara A. McAuliffe appears appropriate. Accordingly, Parties request that the Court schedule a mandatory settlement conference the week of April 28, 2014 requiring all parties, adjusters/carriers for insured parties, and other representatives of a party having full and complete authority to enter into binding settlement, and the principal attorneys responsible for the litigation, to be present at the mandatory

settlement conference, unless excused by Magistrate Judge Barbara A. McAuliffe. Full authority to settle means that the individuals at the mediation be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.

    Parties believe that scheduling a mandatory settlement conference will allow for additional time to finalize the settlement while still putting sufficient pressure on the Parties to do so.

### III.    CONCLUSION

    A global settlement in principle of this case has been reached but additional time is still needed to finalize the various documents needed for settlement. As a good faith attempt to settle this case has occurred, and the parties have made progress, the Parties believe the current case deadlines should be vacated, and that a mandatory settlement conference should be scheduled in the event settlement is not finalized.

DATED: March 31, 2014              CAUFIELD & JAMES LLP

                                                             ___/s/ Jeffery Caufield_____
                                                            Jeffery L. Caufield, Esq.
                                                           Matthew Friedrichs, Esq.
                                                           Attorney for Plaintiffs/Counter-Defendants

DATED: March 31, 2014              THE CRONIN LAW GROUP

                                                             ___/s/ Dennis Byrne_____
                                                           Timothy C. Cronin, Esq.
                                                           Dennis J. Byrne, Esq.
                                                           Attorneys for Defendants
                                                           PATRICIA CLOTHEIR AND CAROLYN WHITESIDES, as Administrators to the ESTATE OF

|     |                          |                                                      |
| --- | ------------------------ | ---------------------------------------------------- |
| 1   |                          | MABEL LEE, THE ESTATE OF MABEL LEE, deceased, REEDLEY STEAM LAUNDRY and REEDLEY DRY CLEANING WORKS |

DATED: March 31, 2014          DOWNEY BRAND LLP


　　　　　　　　　　　　　　　　  ___/s/ Steven H. Goldberg_____
　　　　　　　　　　　　　　　　  Steven H. Goldberg, Esq.
　　　　　　　　　　　　　　　　  Attorneys for Defendants,
　　　　　　　　　　　　　　　　  CONSTANCE and DANA K.
　　　　　　　　　　　　　　　　  YAMAGUCHI, as administrators to
　　　　　　　　　　　　　　　　  THE ESTATE OF SIETO
　　　　　　　　　　　　　　　　  YAMAGUCHI, SACHIKO
　　　　　　　　　　　　　　　　  YAMAGUCHI, deceased, as former
　　　　　　　　　　　　　　　　  administrator to THE ESTATE OF
　　　　　　　　　　　　　　　　  SIETO YAMAGUCHI, and
　　　　　　　　　　　　　　　　  THE ESTATE OF SIETO
　　　　　　　　　　　　　　　　  YAMAGUCHI, deceased

DATED: March 31, 2014          LAW OFFICES OF KATHLEEN CLACK


　　　　　　　　　　　　　　　　  ___/s/ Kathleen Clack_____
　　　　　　　　　　　　　　　　  Kathleen Clack, Esq.
　　　　　　　　　　　　　　　　  Attorneys for Defendant,
　　　　　　　　　　　　　　　　  JOHN PEARCE

DATED: March 31, 2014


　　　　　　　　　　　　　　　　  ___/s/ Louis Martinez_____
　　　　　　　　　　　　　　　　  LOUIS MARTINEZ

DATED: March 31, 2014


　　　　　　　　　　　　　　　　  ___/s/ Patsy Martinez_____
　　　　　　　　　　　　　　　　  PATSY MARTINEZ

5
STIPULATION AND ORDER TO VACATE REMAINING CASE DEADLINES

# ORDER

Good cause appearing therefore, IT IS SO ORDERED that the Scheduling Order Deadlines be vacated, so parties can finalize settlement.

IT IS FURTHER ORDERED THAT, a mandatory settlement conference be set for **Tuesday April 29, 2014 at 10:00 AM BAM.** All parties, adjusters/carriers for insured parties, and other representatives of a party having full and complete authority to enter into binding settlement, and the principal attorneys responsible for the litigation, must be present, unless excused by the Court. Telephonic appearances will not be permitted, absent good cause. (A representative's distance from the Court is not good cause.)  Full authority to settle means that the individuals be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.

No later than **April 18, 2014**, each party shall submit directly to Judge McAuliffe's chambers at bamorders@caed.uscourts.gov, a confidential settlement conference statement.  This statement should neither be filed with the clerk of the Court nor served on any other party.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

IT IS SO ORDERED.

Dated:  **April 1, 2014**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE